James White AI5074
California Men's Colony
P.O. Box 8101
San Luis Obispo CA 93409

3/15/21
CENTRAL DISTRICT OF CALIFORNIA
BY: CS  DEPUTY

Received 3/15/2021 (Date)
Scanned at CMC and E-mailed on 3/15/2021 by [initials] (Date) (Initials)
Number of pages scanned: ~~16~~ 20

Presented In Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

CV21-2351-GW(DFM)

James White
Plaintiff

-v-

1) Josie Gastelo
   Warden
   Correctional Administration
   In Her Official and Individual Capacity

2) Captain (A) J. Curry
   Correctional Administration
   In His or Her Official and Individual Capacity

3) Lieutenant S. Scheiffele
   Correctional Administration
   In His Official and Individual Capacity

CASE NO: _____

Civil Rights

Complaint
For Damages

(1)

4) CAPTAIN S. SILVA
CORRECTIONAL ADMINISTRATION
IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY

5) ASSOCIATE WARDEN D. McALISTER
CORRECTIONAL ADMINISTRATION IN HER OR
HIS OFFICIAL AND INDIVIDUAL CAPACITY

6) SERGEANT T. LLOYD
CORRECTIONAL ADMINISTRATION
IN HER OFFICIAL AND INDIVIDUAL CAPACITY

7) OFFICER G. URIAS
CORRECTIONAL OFFICER AT THE
CALIFORNIA MEN'S COLONY IN HIS
OFFICIAL AN INDIVIDUAL CAPACITY

8) OFFICER CORTEZ
CORRECTIONAL OFFICER AT THE
CALIFORNIA MEN'S COLONY IN HER
OFFICIAL AN INDIVIDUAL CAPACITY

9) THE DEPARTMENT OF CORRECTION Rehabilitation
INMATE APPEALS AND GRIEVANCES SYSTEM
ASSOCIATE DIRECTOR HOWARD MOSELEY IN
SACRAMENTO CALIFORNIA.

THIS IS A CIVIL RIGHTS ACTION 42 U.S.C 1983 FILED ON THE BEHALF OF JAMES WHITE AT PRISON IN THE CALIFORNIA MEN'S COLONY STATE PENITENTIARY ALLEGING FEDERAL RIGHTS VIOLATION AND SEEKING DECLARATORY AND COMPENSATORY AND PUNITIVE DAMAGES

(2)

Jurisdiction

1) This is a civil action under 42 USC 1983... This Court has jurisdiction under 28 USC 1343... The Plaintiff also invokes the pendent... This Court has subject matter jurisdiction under 28 USC § 1331 because the claims are based on federal constitutional rights, in that Plaintiff's rights under the Fourteenth Amendment of the United States were violated. Additionally, the causes of actions are created by federal statute 42 USC § 1983. 28 USC § 1331 provides that a federal district court has subject matter jurisdiction over Plaintiff's claims that arise under the United States Constitution or under the laws of the Federal Government.

## Jurisdiction of the Court

2) The matter of controversy exceeds the sum or value of 10,000 exclusive of interest of cost.

## Venue

3) Venue is proper in the Central District because all the substantial events or omissions giving rise to the claim occurred in this District. The California Men's Colony State Prison is located in San Luis Obispo. At the time Plaintiff's constitutional rights were violated he was confined at the California Men's Colony State Prison.

## Parties

4) Plaintiff James White (hereinafter referred to as "White") is a United States citizen and an African American male. At the time of the violation of his Fourteenth Amendment rights, White was confined at the California Men's Colony State Prison, located in San Luis Obispo California. During all times herein mentioned all the Defendants were acting under color of authority laws usages of the State of California Department of Corrections in San Luis Obispo, in San Luis Obispo County Prison System.

5) All Defendants are being sued in official capacity and in their individual capacity.

6) DURING ALL TIMES HEREIN MENTIONED THE EMPLOYER OF THE DEFENDANTS IS/WAS THE CALIFORNIA DEPARTMENT OF CORRECTIONS ALL ACTS AND OMISSIONS PERFORMED BY THE DEFENDANTS ARE I WERE BEING DONE UNDER CALIFORNIA LAW.

7) EVERY REFERENCE IN THIS COMPLAINT TO DEFENDANT'S JOSIE GASTELO WARDEN, OFFICER G. URIAS, OFFICER CORTEZ, SERGEANT T. LLOYD, CAPTAIN (A) J. CURRY, LIEUTENANT S. SCHEIFFELE, CAPTAIN S. SILVA, ASSOCIATE WARDEN D. McALISTER, INMATE APPEALS BRANCH ASSOCIATE DIRECTOR HOWARD MOSELEY IS TO BE READ AND REFERRED TO AS THE DEPARTMENT OF CORRECTIONS REHABILITATIONS INMATE APPEALS AND GRIEVANCE SYSTEM IN SACRAMENTO CALIFORNIA.

8) EVERY REFERENCE IN THIS COMPLAINT TO THE DEFENDANTS IS TO BE READ TO REFER TO ALL THE DEFENDANTS UNLESS OTHERWISE REQUIRED...

9) THERE WAS NUMEROUS CLAIMS FILED WITH THE OMBUDSMAN OFFICE, OFFICE OF INTERNAL AFFAIRS, OFFICE OF INSPECTOR GENERAL GRAND JURY CITIZEN COMPLAINT, BECAUSE THIS COMPLAINT ALLEGES A CRIME WAS COMMITTED, FALSIFICATION OF DISCIPLINARY HEARING DOCUMENTS DUE PROCESS VIOLATION AND A CIVIL RIGHTS VIOLATION.

10) EVERY REFERENCE TO THE CALIFORNIA MEN'S COLONY APPEAL AND DISCIPLINARY HEARING SYSTEM IS TO INCLUDE THE ENTIRE ADMINISTRATION OFFICE OF JOSIE GASTELO, WARDEN.

11) During all times herein mentioned the Appeals Branch in Sacramento were Administrative Remedies are sought has failed to reply to numerous of Plaintiff's grievances.

12) Under the plain meaning of "available" in the Prison Litigation Reform Act of 1995, codified at 42 USC 1997E(a) Administrative Remedies are exhausted when Prison Officials fail to respond to inmate grievances because those remedies had become unavailable.

## STATEMENT OF FACTS

13) In 2019 Plantiff learned that Officer Urias an Officer Cortez was conducting a random cell search of cell 6159 @ approximately 1030 hrs on December 24th solely assigned to White (AI5074).

14) In 2019 Plantiff learned that Officer Urias alleged during the search he discovered a black cellular telephone charging device component inside in an ointment box in a clear bag on the shelf above the desk inside White's cell.

15) In 2019 December 24th @ approximately between 1030 hrs an 1230 hrs Officer Urias secured the alleged controband <u>inside</u> his left pants pocket while he continued his search with Officer Cortez.

16) On 2019 December 24th Officer Urias completed a cell search receipt documenting the aforementioned <u>alleged</u> contraband secured from cell 6159 and transported the alleged cellular telephone charging device component to the facility C Program Office.

|5|

17) On December 24th 2019 Officer Urias made 9 photo evidence depicting the cellular telephone component on an evidence placard with White's name and CDCR Number of Alleged Device.

18) On 2-2-20 Hearing Date @ approximately 11:05 Plantiff White presented a written question to the SHO as follows: First and foremost this hearing is a violation of my Due Process right due to the fact that I requested a I.E. an none was provided as requested to assist me with contacting the necessary people to determine this alleged device to be a cell phone component.

19) On 2-2-20 Hearing Date in accordance with CCR 3315(E)(5) Inmate White submitted seventeen (17) written questions to the SHO. The SHO screened the questions and found nine (9) relevant to the violation charged.

20) On 2-2-20 the SHO determined that nine (9) question was irrelevant to the charge and Plantiff White was alleging staff misconduct, he was advised of the staff complaint process and that any complaint against staff required that he fill-out a CDC Form 602 Inmate/Parolee Appeal.

21) On 2-2-20 the SHO ask Plantiff White does he have anymore comments: See Plea & Statement of RVR Section. Plantiff White comment to the SHO was. Plantiff would like to have ISU test the charger to determine if it is a cell phone charger.

(6)

22) ON 2-2-20 PLANTIFF WHITE WAS FOUND GUILTY BASED ON A PREPONDERANCE OF EVIDENCE. SANCTION 30 DAY CREDIT LOSS PRIVILEGE GROUP C 30 DAYS FOR (RVR) REPORT NUMBER 6949965 BY HAVING THE REVIEWING OFFICIAL STATEMENT DETERMINE THE Allege DEVICE WAS A CELLULAR TELEPHONE COMPONENT.

23) ON 2-2-20 PLANTIFF submitted (4) FOUR EXACT GRIEVANCES TO THE ① OFFICE OF Appeals AT CMC ② THE OFFICE OF INTERNAL AFFAIRS ③ THE OFFICE OF THE INSPECTOR GENERAL ④ THE OFFICE OF THE Ombudsman LEGALLY mailed WITH PROOF's OF SERVICES BY PLANTIFF SEEKING REDRESS AND HELP TO THIS COMPLAINT.

24) ON Friday MARCH 27 2020 PLANTIFF RECEIVED A CDC FORM 695 ATTACHED TO THE 602 Appeal LOG NUMBER CMC-E-20-00977 Also ATTACHED CDCR Rights AND RESPONSIBILITY STATEMENT THAT THE OFFICE OF INTERNAL AFFAIRS RECEIVED FROM PLANTIFF Log Number # OIA-0492-2020 Received MARCH 6, 2020 which THEY SENT IT TO THE WARDEN JOSIE GASTELO NOTIFYING HER OF THE PLANTIFF'S Appeal

25) ON 4-13-20 IN ASU PLANTIFF RECEIVED THE SECOND LEVEL REVIEW (SLR) STATING THE Appeal is Denied BY WARDEN JOSIE GASTELO.

26) DEFENDANT WARDEN JOSIE GASTELO AN THE CALIFORNIA MEN'S Colony Administration ACTS AN Omission in PART (A)

27) 1) DELIBERATE INDIFFERENCE
2) CRUEL AND UNUSUAL PUNISHMENT
3) DUE PROCESS Violation
4) Violation OF FEDERAL AND STATE LAW

(7)

28) THE 3rd LEVEL REVIEWER DO NOT OR HAVE ANY WRITING FOR THE CONSTRAINTS TOOK NO ACTIONS OR WANT TO ADDRESS THE ISSUE BECAUSE IT MEANS A DUE PROCESS OF LAW VIOLATION, CODE OF SILENCE BY THE CHIEF OF APPEALS AND THE SECRETARY OF CDCR.

29) DEFENDANT WARDEN JOSIE GASTELO AND THE DEPARTMENT OF CORRECTIONS ACTS AN OMISSIONS VIOLATED THE DUE PROCESS CLAUSE RIGHT GUARANTEED BY THE U.S. CONSTITUTION AS INCORPORATED IN THE FOURTEENTH AMENDMENT TO A FAIR UNBIAS DISCIPLINARY HEARING.

30) THESE ACTIONS OR LACK THERE OF AMOUNT TO OBSTRUCTION OF THE PERFORMANCE OF A (ISU) INVESTIGATIVE SERVICE UNIT DEPRIVING PLAINTIFF WITTIE PROCEDURAL PROTECTED LIBERTY WITHOUT DUE PROCESS OF LAW. THIS IS ESPECIALLY SO WHEN A PRISONER "FACES A CREDIBILITY PROBLEMS TRYING TO DISPROVE THE CHARGES OF A PRISON GUARD" RAMER V. KERBY 936 F2d 1102 1104 (10TH CIR 1991)

31) DELIBERATE INDIFFERENCE CRUEL AND UNUSUAL PUNISHMENT PLAINTIFF WAS CHARGED BY PRISON OFFICIAL WITH THE SERIOUS DISCIPLINARY OFFENSE RULE VIOLATION #3006(c) OF THE TITLE 15 DENIAL OF DUE PROCESS OF LAW AN STAFF AND ADMINISTRATION AT THE CALIFORNIA MEN'S COLONY STATE PRISON WHO HAVE RESPONSIBILITY FOR RESPONDING TO, INVESTIGATING OR DECIDING INMATE GRIEVANCES. IF THOSE DUTIES ARE SET FORTH IN ANY JOB DESCRIPTION POLICY DIRECTIVE, OR OTHER DOCUMENTS (PRODUCE THE DOCUMENTS)

32) DEFENDANT LIEUTENANT S. SCHEIFELE ACTS AND OMISSIONS

1) Deliberate Indifference
2) Cruel and Unusual Punishment
3) Deprivation of Due Process of Law
4) Violation of State and Federal Law

33) Wilful Refusal to Investigate misconduct and Criminal Activity e.g. Falsification of Documents is an obvious Act to Cover-up Felonies P.C. 32 perpetrated by other CDCR Staff Code of Silence and Retaliation For Exercising a clearly established right to appeal guaranteed by Civil Rights of Institutional Person Act

34) Plaintiff have asked the Office of Internal Affairs, Office of the Ombudsman, Office of the Inspector General to look into the defects in the evidence that led to the violation of the Plaintiff's Due Process Rights in the Disciplinary Hearing an the Crime that was committed.

35) The mere knowledge of this matter and failure to intercede constitutes criminal negligence. The Director deemed the Second Level Appeal Response as Final without allowing for Third Level Review.

(9)

36) DEFENDANT SERGEANT T. LLOYD ACTS AND OMISSIONS

1) DELIBERATE INDIFFERENCE
2) CRUEL AND UNUSUAL PUNISHMENT
3) DEPRIVATION OF DUE PROCESS OF LAW
4) VIOLATION OF STATE AND FEDERAL LAW

37) WERE ACTIVE IN THE CONCERTED EFFORT TO INTENTIONALLY CARRY OUT AN "ACT OF COLLUSION" THE NAMED ABOVE STAFF MEMBER INTENTIONALLY AND WILLFULLY SIGNED OFF ON THE FALSE INFORMATION AND DOCUMENTATION TO JUSTIFY THE FALSE DISCIPLINARY HEARING CHARGE RVR #6949965

38) THE PLAINTIFF NOTES HOWEVER THAT BOTH DUE PROCESS AND THE REQUIREMENT OF AN EFFECTIVE ADMINISTRATIVE REMEDY LIMIT THE TIME THE DEPARTMENT HAS TO COMPLETE AN EXCEPTIONAL FIRST LEVEL SECOND LEVEL OR EVEN THIRD LEVEL REVIEW.

39) DEFENDANT CAPTAIN (A) J. CURRY ACTS AND OMISSIONS

1) DELIBERATE INDIFFERENCE
2) CRUEL AND UNUSUAL PUNISHMENT
3) DEPRIVATION OF DUE PROCESS OF LAW
4) VIOLATION OF STATE AND FEDERAL LAW

40) WERE ACTIVE IN THE CONCERTED EFFORT TO INTENTIONALLY CARRY OUT AN "ACT OF COLLUSION" THE NAMED ABOVE STAFF MEMBER INTENTIONALLY AND WILLFULLY SIGNED OFF ON THE FALSE INFORMATION AND DOCUMENTATION TO JUSTIFY THE FALSE DISCIPLINARY HEARING CHARGE RVR#6949965

41) DEFENDANT CAPTAIN S SILVA ACTS AND OMISSIONS

1) DELIBERATE INDIFFERENCE

2) CRUEL AND UNUSUAL PUNISHMENT

3) DEPRIVATION OF DUE PROCESS OF LAW

4) VIOLATION OF STATE AND FEDERAL LAW

42) THE DEFENDANT NON RESPONSE TO THE PLAINTIFF'S GRIEVANCES OR LACK THERE OF IN LIGHT OF HIS PERSONAL KNOWLEDGE OF THE PLAINTIFF'S GRIEVANCES AND HIS SIGNING OFF ON THE FALSIFICATION OF THE DISCIPLINARY HEARING DOCUMENTS SHOWS THE FAILURE IN THE CALIFORNIA MEN'S COLONY REQUIREMENTS WAS TOTALLY IGNORED BY ADMINISTRATION.

43) THE DEFENDANT CAPTAIN S SILVA SHOULD HAVE CONTACTED HIS SUPERVISOR OR THE WARDEN HERSELF OR E-MAILED OR WROTE A LETTER OF GRIEVANCE AGAINST SIGNING OFF ON THE DISCIPLINARY HEARING DOCUMENTS BUT LACK OF ACTION EQUALS AN AGREEMENT WITH THE ACTION TAKEN TO FALSIFY THE DOCUMENTS IN A COVER-UP WHICH VIOLATES THE PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHTS.

44) DEFENDANT A.W. D MCALISTER ACTS His OMISSIONS

1) Deliberate Indifference

2) Cruel And Unusual Punishment

3) Deprivation of Due Process of Law

4) Violation of State And Federal Law

45) THE DEFENDANT NON RESPONSE INTENTIONAL FAILURE TO Comply WITH All Applicable LAWS, Rules And Regulations misuse of GOVERNMENTAL Power Possessed By Virtue of STATE LAW and made possible only Because THE Wrongdoers is clothed with the Authority of STATE LAW in effect IT PROMOTES COVER-ups.

46) THE Failure To Object To AN Illegal Act or Omission Is To Become AN Accomplice To THE Acts And or Omissions Against THE Plaintiff which A.W. D McAlister Has Done.

47) All THE Defendants Acts And Omissions Seperately or IN Concert Intentionally Willfully And Maliciously HAVE And Continue To Cover-up This Crime By Officers URIAS an Officer Cortez.

48) THE Plaintiff Continued His Quest By Filing Multiple Complaints To THE Grand Jury of San Luis Obispo, Office of Internal Affairs Office Of Inspector General Office of The Ombudsman. Due To Deprivation Depletion of Due Process Rights And Plaintiff's Mental And Emotional Strains an Stress Are A Direct Result of The Defendants Decision Not To Acknowledge THE First And Fourteenth Amendment To The United States Constitution.

(12)

49) AS A RESULT OF THE ACTS AND OMISSIONS OF THE DEFENDANTS THE PLAINTIFF HAS SUSTAINED MENTAL, EMOTIONAL AND PSYCHOLOGICAL STRESS AND A MAJOR CHANGING IN THE QUALITY OF THE PLAINTIFF PRISON LIFE.

50) EXHAUSTION OF AN ADMINISTRATIVE REMEDY IS NOT "REQUIRED" WHEN THE DEPARTMENTAL HEADQUARTERS THIRD LEVEL INMATE APPEAL REVIEW IS INADEQUATE OR IS UNAVAILABLE TO THE PLAINTIFF.

51) HISTORICALLY CDCR UTILIZES THE Code of Silence . Eng-v-Coughlin (1989) 726 F supp 40 AND RETALIATION TOWARD INMATES FOR EXERCISING A CLEARLY ESTABLISHED RIGHT TO APPEAL WHICH IS GUARANTEED BY THE Civil Rights of Institutionalized Person Act !

52) THE MERE POSSIBILITY THAT THE PLAINTIFF MAY BE ABLE TO OBTAIN SOME RELIEF FROM THE FEDERAL CENTRAL DISTRICT COURT ADMINISTRATIVE ENTITY IS NOT SUFFICIENT TO REQUIRE THE SATISFACTION OF THE EXHAUSTION DOCTRINE A CLEARY DEFINED SET OF PROCEDURES PLRA 42 U.S.C. 1997E(a) MUST EXIST UNDER WHICH THE PLAINTIFF IS ENTITLED TO SUBMIT THE CLAIM AT ISSUE AND HAVE IT EVALUATED AND RESOLVE.

53) AN ADMINISTRATIVE REMEDY MUST HAVE SOME PROCEDURES TO BE CONSIDERED ADEQUATE. THE ABSENCE OF ANY INTERNAL REMEDIES MEANS THAT THERE IS NOT AN ADEQUATE ADMINISTRATIVE REMEDY.

54) EXHAUSTION OF AN ADMINISTRATIVE REMEDY IS NOT REQUIRED WHEN THE CDCR DEPARTMENTAL HEADQUARTERS THIRD LEVEL INMATE APPEAL REVIEW FAILING TO CONDUCT AN INVESTIGATION INTO CRIMINAL MISCONDUCT HAS BECOME AN ACCOMPLICE AND IS THEREFORE LIABLE.

55) THE MERE KNOWLEDGE OF THIS MATTER AND WHERE THE WARDEN CONSTITUTES CRIMINAL NEGLIGENCE BY THE WARDEN JOSIE GASTELO DEEMED THE SECOND LEVEL APPEAL RESPONSE AS FINAL WITHOUT ALLOWING FOR THIRD LEVEL REVIEW.

56) THESE OVERT ACTS CONSTITUTES THE WARDEN JOSIE GASTELO AND THE THIRD LEVEL INMATE APPEALS HEADQUARTERS DIRECTOR'S UNWILLINGNESS TO INVESTIGATE THE ALLEGATIONS AND IF REQUIRED PROSECUTE ALL GUILTY PARTIES.

57) CHIEF OF APPEALS INSTEAD OF PROCESSING THE PLAINTIFF'S APPEAL PER CDCR POLICY CCR TITLE 15 3084.1(c)(3) ALL APPEALS ARE SUBJECT TO A 3rd LEVEL REVIEW. CCR TITLE 15 3084.7(c) SEE ALSO CAL CODE OF CIVIL PROCEDURE 26.

58) THE FAILURE TO AFFORD PLAINTIFF PROCEDURAL DUE-PROCESS CONSTITUTED AN UNCONSTITUTIONAL CUSTOM, PRACTICE OR POLICY.

59) THE PLAINTIFF IS MAKING A SHOWING OF SOME DECLARATION OR CONDUCT ON THE PART OF THE CALIFORNIA MEN'S COLONY WARDEN JOSIE GASTELO AND STAFF THAT POSITIVELY DEMONSTRATED ENTITY HAS TAKEN AN ADVERSE POSITION ON THE PARTICULAR CRIME COMMITTED: FALSIFICATION OF DISCIPLINARY HEARING DOCUMENT P.C. 134 ASSERTED BY THE PLAINTIFF. THESE FACTS ARE IN ALL EXHIBITS

60) THE PLAINTIFF BELIEVE THE CONDUCT OF THE DEFENDANTS HAS CAUSED SOME PERMANENT METAL STRESS AND PLAINTIFF'S GENERAL DAMAGES EXCEED THE AMOUNT OF $10,000.....

*CLAIM FOR RELIEF*

*FIRST CAUSE OF ACTION*

61) THE PLAINTIFF JAMES WHITE RESTATES AND REALLEGES PARAGRAPH #1 THRU #60

62) THE ACTIONS OF THE DEFENDANTS IN PARAGRAPHS #1 THRU #60 DENIED AND CONTINUE TO DENY THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS TO BE KEPT FROM CRUEL AND UNUSUAL PUNISHMENT AND HAVE DENIED AND CONTINUE TO DENY THE PLAINTIFF OF THE RIGHT TO DUE PROCESS CLAUSE FOR REDRESS OF GRIEVANCE UNDER THE FIRST AND FOURTEENTH AMENDMENT.

63) THESE CONSTITUTIONAL RIGHTS WERE/ARE VIOLATED BY THESE (9) DEFENDANTS.

*Relief Sought*
*DECLARATORY AND INJUNCTIVE*

64) DECLARE THAT WARDEN JOSIE GASTELO AND HER ADMINISTRATION SHOULD NOT BE IN A POSITION TO DECIDE FEDERAL AND STATE LAWS WHERE THE RIGHTS OF INDIVIDUALS ARE AFFECTED BY THIS MISUSE AN ABUSE OF GOVERNMENTAL POWER DENYING PLAINTIFF OF HIS DUE PROCESS RIGHTS WHEN IT IS INCUMBENT UPON AGENCIES AN THE DEPARTMENT OF CORRECTIONS AND REHABILITATIONS TO FOLLOW THEIR OWN POLICIES AND PROCEDURES.

\* RELIEF

WHEREFORE THE PLAINTIFF REQUEST THAT THIS HONORABLE COURT ORDER THE CASE TO TRIAL WERE A JURY CAN HOLD AN Adjudication TO DETERMINE IF PLAINTIFF Should RECEIVE COMPENSATORY DAMAGES FROM DEFENDANTS:

WARDEN JOSIE GASTELO IN THE AMOUNT OF $200,000
IN HER Individual Capacity...

OFFICER E. URIAS IN THE AMOUNT OF $150,000
IN His Individual capacity....

OFFICER CORTEZ IN THE Amount of $150,000
IN HER Individual Capacity...

SERGEANT T. Lloyd IN THE AMOUNT OF $200,000
IN HER Individual Capacity...

CAPTAIN (A) J. CURRY IN THE Amount of $200,000
IN His Individual capacity...

LIEUTENANT S. SCHEFFELE IN THE Amount of $200,000
IN His Individual Capacity...

CAPTAIN S. SILVA IN THE Amount of $200,000
IN His Individual Capacity...

A.W. D MCALISTER IN THE Amount of $200,000
IN His Individual capacity...

INMATE APPEALS BRANCH ASSOCIATE DIRECTOR IN THE Amount of $200,000
IN THEIR Individual Capacity

Respectfully Submitted

DATE: