James White
California Mens' Colony – East
Post Office Box
San Luis Obispo, CA 93409



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JAMES WHITE
    Plaintiff

Case Number 2:21-cv-02351-GW-DFM

Vs.

JOSIE GASTELO ET AL
    Defendant

REQUEST FOR APPOINTMENT OF COUNSEL

_____/

I am inmate current housed at the above named prison. My Date of Birth is: __9-3-69__.

This housing is provided in a Mental Health Facility for inmates needing CCCMS and/or EOP.

__✓__ I have a case pending in your court, Case Number: __2:21-CV-02351-GW.DFM__

____ I would like to file a case and/or petition in your court regarding _____

_____

_____.

    I am requesting appointment of counsel to raise these matters within this court due to my disability which is covered by the Americans with Disabilities Act. My Disability makes it hard for me to read, write, explain, litigate, and/or understand material regarding my case(s) factors.

    This document is to satisfy the obligation of the California Department Correction and Rehabilitation under the terms of two court ordered remedial plans, **Armstrong v. Schwarzenegger** and/or **Clark v. California**, which are federal civil rights actions brought pursuant to the Americans with Disability Act (ADA). Under the terms of the remedial plans, CDCR is obligated to advise the court that the above named person does have a disability and is requesting a reasonable accommodation under the ADA from this court. The person named above may be unable to effectively communicate with the court or fully prosecute this action due to their limited abilities associated with their claimed disability.

INMATE'S CLAIMD DISABILITY IS: __Depression TABE Score 1.7__
                                       (Example, low cognitive function, visually impaired)

INMATE'S FURTHER REQUEST THE FOLLOWING ACCOMMODATION(S): __App of Counsel__
                                                                                          (Example, Large Print, Counsel)

_James White_
(CDCR Staff Signature)

_____
(Printed Name and Title, CDCR ID Number)

## MEMORANDUM OF POINTS AND AUTHORITIES

The petitioner is an illiterate pro se prisoner whose ability to understand issues are minimal. Moreover, he has a disability associated low comprehension, showing lack of familiarity withy the fundamentals of a particular field of knowledge, categorized by the Mental Health Department within CMC-East facility as DD1, DD2, or DD3 level of care designated within the Correctional Clinical Case Management System (CCCMS) or Enhanced Out-Patient (EOP) and placed in a Disability Development Program (DDP) within California Department of Corrections and Rehabilitation (CDCR). ***The Petitioner's disability status requires, and is entitled to the appointment of counsel or to legal assistance to represent his claims adequately to this Court.***

Prisoner's have a constitutional right to the courts. See <u>Bounds v. Smith, (1977) 430 U.S. 817, 821</u>; see also, <u>Lewis v. Casey, (1996) 518 U.S. 343, 350</u>. The right of access is grounded in the Due Process and Equal Protection Clauses. <u>Murray v. Giaratano, (1989) 492 U.S. 1, 6</u>. To ensure meaningful access, States have the affirmative obligation to provide inmates with "adequate law libraries or adequate assistance from persons trained in the law." <u>Bounds, supra, 430 U.S. 828</u>; see also <u>Lewis, Supra, 518 U.S. 346</u>.

As required by the Supreme Court in <u>Lewis v. Casey</u> to state a "core *Bounds*" violation, a petitioner must show "standing" to allege denial of access to the courts. In this case, the petitioner must show 1) injury in fact, 2) that the injury is traceable to the challenged action, and 3) that it is likely the injury will be redressed by the requested relief. <u>Seattle Aubudon Soc'y v. Espy, (9th Cir. 1993) 998 F.2d 699</u>.

This petitioner suffers the actual injury of denial of resources required to guarantee his right of access to the courts. The petitioner is unable to prepare and present grievances in a written format, and comply with the esoteric procedural qualification standards and criteria which pose a barrier for the illiterate status inmates seeking access to the courts.

Due to the petitioner's illiterate status in the aspects of court of law and/or proceedings, s/he has been frustrated and prevented from properly presenting his grievances in a timely fashion in previous petitions filed, as a direct result of his incarceration. This was/is due to the denial of adequate services and/or access to persons trained in the law to assist him in his claim and/or legal understanding.

The right of access to the courts ensures that the unlawfully detained obtain their freedom, <u>Johnson v Avery, 393 U.S. 483, 485, (1969)</u>, and that the lawfully detained have recourse for violations of fundamental constitutional rights. <u>Wolff v. McDonnell, 418 U.S. 539, 579 (1974)</u>.

> "Bounds ... guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate, even an illiterate or non-English speaking inmates, shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates that the State has failed to furnish '<u>adequate</u> law libraries or <u>adequate</u> assistance from persons trained in the law,' <u>Bounds, 430 US, 828, 52 L.Ed.2d 72, 97 S.Ct. 1491</u> (emphasis added). Of course, we leave it to prison officials to demonstrate how best to ensure that inmates with language problems have a reasonable

adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement. But it is that capability, rather than the capability of turning pages in a law library, that is the touchstone." Lewis v. Casey, supra 518 US at 356.

"Bounds and Lewis both impose on affirmative duty on the state to provide petitioner with access to an "adequate law library" or "adequate assistance from persons trained in the law." However, in the case of petitioner based upon his documented illiteracy and participation in the Mental Health and Developmentally Disability Program (DDP) and his status in the Clark Remedial Plan, the affirmative duty of the state is on necessity greater.

The Petitioner is unable to frame a legal or constitutional argument, and in most cases incapable of performing the most basic tasks of researching and writing a pleading to the court. It is beyond the capabilities of those who read below a high school level to even begin to understand the esoteric procedural qualification standards and criteria which pose a barrier for the illiterate or developmentally disabled inmates' status seeking access to the courts. For Petitioner, who reads at or below a 9.0 Grade Reading Level (High School equivalency level) renders a meaningful opportunity to be heard impossible. Legal assistance, rather than law libraries, must be provided to functionally illiterate inmates in the aspects of court law/proceedings and non-English speaking inmates because a law library is inadequate for persons who lack the basic language skills or intelligence necessary to prepare coherent pleadings.

The Respondent is not required to show, that a constitutionally sound program to assist or assure inmates who are illiterate in the aspects of court law/proceedings or non-English speaking or (developmentally disabled) with access to the courts, is in place, or even exists.

"At the pleading stage, the right of access requires provision of attorneys or legal assist assistants, rather than law libraries, for institutionalized persons who lack the capacity to research the law independently. See Casey v. Lewis (9th Cir. 1994) 43 F.3d 1261, 1267-68, "legal assistants, rather than law libraries, must be provided to functionally illiterate and non-English speaking"; see also Knop, 977 F.2d [966] at 1005, "law libraries inadequate for persons who 'lack the intelligence necessary to prepare coherent pleadings'; ...." Cornett v Donovan (9th Cir 1995) F51 F.3d 894, 899.

As this case points out, the Department of Corrections and Rehabilitation (CDCR) nor respondent have ever notified the courts of any illiterate inmates in the aspects of court law/proceedings, non-English speaking, or disabled inmates' needs. The Department and the respondent are aware of the potential problems faced by illiterate, non-English speaking or disabled prisoners such as petitioner. Yet, the practice and policy is to leave these vulnerable prisoners to the mercy of other inmates who run the spectrum from legally competent, articulate, and altruistic, to utterly incompetent, predatory menaces.

Additionally, illiterate inmates in the aspects of court law/proceedings or non-English speaking petitioners are subject to complete denial of access to the courts when removed from the general population or placed on "lockdown" when an "institutional emergency" is declared. Even if an illiterate or non-English speaking inmate can prove he has a "pending" legal case, they can only be brought to a legal library that they cannot use. Petitioners are left with no ability to communicate with the court, assert a need of assistance or additional time, or even access the inadequate assistance of another inmate under these conditions.

## CONCLUSION

The petitioner's illiteracy in the aspects of court law/proceedings or non-English (or Developmentally Disability) status constitutionally compels the assignment of competent legal assistance in this case. For the above stated reasons, petitioner respectfully requests that this Court grant this Motion FOR APPOINTMENT OF COUNSEL. I further request this court to issue any further remedies or Orders it deems necessary to ensure CDCR and respondent's compliance with the Federal Constitution, and United States Supreme Court's decisions. Petitioner also respectfully requests any further remedies that the Court deems proper and just, "In the Interest of Justice."

## PRAYER

The Petitioner prays that this petitioner is GRANTED.

## DECLARATION/VERIFICATION

The petitioner declares and verifies that the foregoing is true under the penalty of perjury under the laws of the State of California.

Executed On:

Respectfully Submitted By:

12-21-21
(date)

James White

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

## PROOF OF SERVICE BY MAIL

I hereby declare that on __12-21-21__ I filed the following document(s) with the Clerk of the Court by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid in the United States mail at California Men's Colony State prison:

(1) Request For Appointment of Counsel

(2) _____

I have caused to be mailed the above document(s) to the following party(ies) and addressed as follows:

United States District Court
Central District of California
255 East Temple Street Rm 180
Los Angeles CA 90012

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on the date of __12-21-21__, at San Luis Obispo, California.

James White
Petitioner's Name

James White
Petitioner's Signature

California Men's Colony – EAST
CDCR #__AI5074__ / Cell: __C-6333__
P.O. Box 8101
San Luis Obispo, CA 93409-8101

**Prison Mailbox Rule:**
Under the "Prison Mailbox Rule" a prisoner's legal document is deemed filed, for statute of limitation purposes, when he hands it over to prison authorities for mailing. [*Houston v. Lack* (1988) 487 U.S. 266, 274; *Huizar v. Carey* (9th Cir. 2001) 273 F.3d 1220, 1222.] The mailbox rule applies to prisoners filing in both federal and state courts. [*Huizar*, 273 F.3d at p. 1223.]

**CALIFORNIA MEN'S COLONY STATE PRISON**
P.O. BOX 8101
SAN LUIS OBISPO, CA 93409-8101

Name: Mr. WHITE
CDCR #: AZ5074  Cell #: C-6335

**STATE PRISON GENERATED MAIL**

Legal mail

United States District Court
Central District of California
Office of The Clerk
255 East Temple Street Rm 180
Los Angeles CA 90012

SANTA BARBARA CA 931
24 DEC 2021
PRISON GENERATED

RECEIVED
CLERK, U.S. DISTRICT
DEC 28 2021
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

C/o M. McCarme
12/22/21