James White  Propia Persona
CDCR # A15057  Cell # C6333
California Mens Colony    East
Post Office Box 8101
San Luis Obispo  CA 93409

FILED
CLERK, U.S. DISTRICT COURT

APR 27 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

James White
    PLAINTIFF

No   2 21 cv 2351

    vs

Josie Gastelo  Fmr  Warden
S  Silva Captain
J  Curry  Captain
D  McAllister Assc  Warden
S  Scheiffele  Lieuteant
T  Lloyd  Sergeant
G  Urias  Correctional Officer
M  Cortez  Correctional Officer
Howard Moseley  Assoc  Director
of the Inmate Appeals and Grievances
Inclusive Doe Defendant(s) 1 thru 20

COMPLAINT UNDER THE CIVIL
RIGHTS ACT  42 U S C  § 1983

DEMAND FOR A JURY TRIAL
FIRST AMENDED COMPLAINT

CIVIL RIGHTS COMPLAINT
WITH A JURY DEMAND

## I  INTRODUCTION

1  This is a 42 U S C  Section 1983 action filed by James White  whom is a California State Prisoner  alleging violations of his constitutional rights and seeking money damages  declaratory judgment and injunctive relief  The damages are in connection with the California State Prison s Staff at San Luis Obispo  which defendants  acts  and omissions were [RETALIATORY] unnecessary and unjustified that intentionally violated plaintiff's due process, procedural rights  redress  falsification of state documents, equal protection rights of being safeguarded by unlawfully classificaion committee actions under the "Code of Silence" (reckless endangerment) abuse of authority and adverse actions of punishment by (violation of informational practice act and intended cover up) abandoning any pretense of "fair" disciplinary hearing and hightened reasons for threats of violence and hardship  These acts by defendants  violated plaintiff's rights by the California Departmental rules and regulations under the color of state laws which will be at all time mentioned herein this civil action the plaintiff request a trial by jury

## II  JURISDICTION

2  This action is also brought pursuant to 42 U S C  section 1982, 1983 and 1985  with pending state claims  Therefore  jurisdiction is based under 28 U S C  section 1331, and 1343  The court also has pending jurisdiction over state law claims

## III  PARTIES

3  <u>Mr James White</u>  who is presently incarcerated at the California Men's
Colony   East and who is the plaintiff   violated by defendants   acts and
omission while incarcerated at (CMC   East) at all times relevant to this
action

4  <u>Josie Gastelo  Fmr  Warden</u>  is the former warden of California Men's
Colony  (CMC)  and is responsible for the operation and the training and
supervision  of  the  correctional  personnel  employed  at  California  Men's
Colony (CMC)  She is being sued in her individual and official capacities
(See Policy Directives  etc )

5  <u>S  Silva</u>  an agent of defendant Gastelo  is a Correctional Captain at
CMC East  and  is  the  administrative  Officer in Charge  of  Prisoner
disciplinary and programing and supervision of the correctional personnel
employed at CMC East  he is being sued in his individual and official
capacity

6  <u>D  McAllister</u>  is the Associate Warden of California Mens Colony  CMC -
East, and is responsible for the operation and management of CMC  He is
being sued in his individual and official capacity

7  All defendants have acted under  "<u>color of state law</u>" bias  reprisals,
the code of silence  personal animus  poor training  RICO Act  due process
and  compelling  feelings  of  impunity  and  miseducation  (  A  "stemic"
acceptable practice  during all times relevant to this complaint  Allowing
for them to be sued in their individual and official capacities  as named
and/or alleged as Doe 1 thru 20

## IV  CLAIMS

8  Plaintiff  claims  that  due  to  (prior)  litigation  reporting  abuse  of
authority and misconduct inside of the California Department of Corrections
with (pre determined guilty findings / failure to investigate violations'
of prisoners  rights / Due Process Rights violations / false documented
reports / retaliation and denial of redress undid the First Amendment)
Grand Jury complaint (UPS tracking # _____) George Tract Fore
person  this plaintiff is being  retaliated  against for exercising his 1st
Amendment  right  (WHISTLEBLOWER  ACT)  by  filing  complaint  reports
Plaintiff's  suit  involves  many  defendants  from  the  headquarters  in
Sacramento and defendants  at California Mens Colony  state prison

9  On December 24  2018  at approximately 1030 hrs  plaintiff was subjected
to a retaliatory cell search "wrongfully reproted as random" and falsely
reporting that an "alleged" black cellular telephone charging connector was
located inside an ointment box  Plaintiff s cell was left in shambles
following reported cell search

10  Defendants  C/O Cortez and C/O Urias were the agents who searched
plaintiff's  cell  leaving  dirty  boot  prints  trampled  on  sensative
documents  falsifying reports  and  "unlawful" use of force by placing
plaintiff in restraints and also removing plaintiff and placing him in a
holding cell  Plaintiff further reported that the restraints were so tight
they caused injury

11  Plaintiff personally informed (both) C/O Cortez and C/O Urias that the
restraints were  "excessively tight" cutting off blood circulation and
numbing plaintiff s wrist and hands  Defendants  refused to  correct the
problem" by loosing the restraints  even though there was no threat of harm
or violence warranting the need for such force

12   Plaintiff has a table score of 01 7   This mandates assistance   On
1/6/2020  plaintiff was erroneously assigned a staff assistant   C/O m
Monteiro  whom the plaintiff refused pursuant to a conflict of interest

13   On 2/2/2020  Plaintiff was summoned to disciplinary hearing with D
Scheiffele SHO  whom <u>had</u> a predetermined GUILT finding and unprofessional
RVR Hearing Review omitting plaintiff s fact finding questions and denial
of due process   as such  "<u>refusing</u>" relevant questions such as   (1) did
Officer Urias follow evidence procedure(s) for wireless communication
devices   (2) Officer Urias according to policy and procedure  wireless
communication device(s) shall be photographed prior to removing the
device(s) form the area   (3) Officer Urias did you or did you not take the
proper evidence procedure for wireless communication devices, (4) Officer
Urias, did you send the alleged cell phone device to ISU or a lab, and (5)
Officer Urias do you have a report from ISU or a lab? Plaintiff reports all
these ques'lions and more were  "<u>unlawfully</u>" determined to be irrelevant byt
the SHO (D  Scheiffele) stating the evidence procedure was documented in
the RVR  A clear hearing procedure viola'lion

14   The defendants (S  Silva  J  Curry and D  McAllister) conspired to
impede plaintiff s complaint reprots reporting SHO (Scheiffel) illegal RVR
hearing  that suppressed <u>factual</u> evidence without merit   including
plaintiff not being assigned an IE as outlined within 15 CCR § 3315(d) and
reports  of  due  process  right  violations   (See  Appeal  Log  No#
CMC E 20 00435)  Never conduc'ling a minimal [un]bias inves'liga'lion

15   The defendant (T Lloyd) injunction with other agents also decided to
promote a cover up even after the officer of Internal Affairs alerted
(Frm )  Warden Josie Gastelo  pursuant to possible defects in the evidence
that there was a policy or custom that led to violations of (Mr  White)
plaintiff s rights

16   Plaintiff further reports filing contemporaneous grievances  (via US
mail    Log No  5896  Log No  14302 and Case No  38462) reporting multiple
acts of retaliation involving several prominent staff members following
plaintiffs  complaint report against C/O Urias and C/O Cortez violating
state and federal laws by falsifying (RVR Log No  694995) state documents

17   Defendant Josie Gastelo  "<u>Repeatedly</u>" failed to reasonably examine
falsifying documents of cell phone devices   covering up the truth
following being notified of defects in the evidence that led to violation
of plaintiff s rights

18   defendant Howard Moseley and other <u>agents</u>, colleagues have acted
together in concert "unlawfully screening out complaints" to cause damages
to plaintiff by their unprofessionalism, abuse of authority and bias
decisions (screening  rejections  stating Time Expired response form the
Office of Appeals processing procedure  Plaintiff is further informed and
believes that each defendant within appeals office had actual constructive
knowledge of knew or should have known under their charge plaintiff had a
constitutional right to the establish grievance prison appeals process

19   Plaintiff is further informed and believes and therefore alleges that
each named defendant by way of policy  custom or code had a practice of
 eliberate indifference to the rights of prisoners who complained of staff
mistreatment through harassment on the basis of their race  religious
belief utilization of the grievance procedures  civil litigation into the
complaints made by a prisoner against staff  Plaintiff suffered from

defendants    actions    which    were    wanton    and    without    penological
justification  Their acts were done intentionally in violation of, or with
deliberate or reckless indifference to plaintiff  and his family, which
also suffered due to the violation of plaintiff s constitutional rights
Plaintiff  alleged  that  the  disciplinary  hearing  there  was  no  reliable
evidence to support the "predetermined" guilt finding and plaintiff was not
afforded any  reasonable  opportunity to defend himself  from the [false]
charges  and  the  (excessive)  punishment  of  defendants   Plaintiff s  due
process  rights  were  "grossly"  violated   and  suffered  without  any
[reasonable unbias] procedural protection by being denied factual evidence
reported alleged cell phone device was falsely documented within RVR
subjecting plain¹liff to "illegal" loss of priviledges and other retaliatory
acts , which were not within that category of punishment covered by Wolf's
protections

20   At all times  mentioned herein each of  the above defendants   were
employee s servants and/or agents of the Department of Corrections and were
at all times mentioned herein acting wi¹l the course and scope of that
employment relationship under the color of state law

### FIRST CAUSE OF ACTION
### VIOLATION OF FIRST AMENDMENT

21  Plaintiff realleges and incorporate by reference herein each and every
allegation set forth in paragraph ⊥ through 18 above

22  The unjustified and penologically unnecessary punishment of plaintiff
and which affected his family on December 24th  2019  violated his rights
under the 14th Amendment and under the Eighth Amendment to the United
States Constitution in that it constituted cruel and unusual punishment due
tot he  "repeated"  failure of prison disciplinary committee to  fully
investigate alleged incident of misconduct by plaintiff which violated his
due  process  to  hereby  42  USC  §  1983.  where  such  action  contravened
established correctional regulations

### SECOND CAUSE OF ACTION
### DELIBERATE INDIFFERENCE TO PLAINTIFF S FIRST
### AMENDMENT RIGHT TO PURSUE REDRESS THROUGH THE PRISON APPEAL PROCESS

23  Defendant Josie Gastelo violated plaintiff s First Amendment right to
pursue redress  from harassment and reprisal on the basis of plaintiff's
race  religious belief  or utilization of grievance procedures  and civil
litigation and from his various acts of retaliation by labling plaintiff as
a "THREAT TO PROGRAM SAFETY" in order to expose plaintiff to emotional  or
physical  harm  form  other  agents   thus   deliberate  indifference  to
plaintiff s safety and health after being contacted by Internal Affairs
Office with concerns

### THIRD CAUSE OF ACTION
### DELIBERATE INDIFFERENCE TO PLAINTIFF S AMENDMENT
### RIGHT TO PURSUE REDRESS THROUGH THE PRISON APPEAL PROCESS

24  Plaintiff realleges and incorporates by reference herein and every
allegation set forth in paragraph 1 through 18 above

25  Defendants  Appeals Office continually violated plaintiff s First
Amendment right to pursue redress through prison appeal process without
machinations  misrepresentation  or intimidation in that with deliberate
indifference to plaintiff s safety and health  and they knowingly exposed

plaintiff to physical harm, emotional trauma  or harm at the hands of other agents by ignoring plaintiff s claims that defendants Cortez and Urias falsified documents reported and also caused injury to the plaintiff by placing in in restraints that were excessively tight without justification, provocation  threats of violence  or penological interest

PRAYER FOR RELIEF

26  wherefore  plaintiff prays for relief as follows

    1  That plaintiff is granted compensatory damages in the amount herein stated  each defendant according to proof        $1,200,000 00

    3  That the plaintiff be granted injunctive relief from further actions  by defendants  for  taking  civil  action  and  that  plaintiff classification  record  be  corrected  and  first  action  be  vacated  and reassigned plaintiff

    4  That the plaintiff be granted this action or additional cause of actions  claims for relief  and to add other defendants'  whom may act as agents for reasons of reprisal against plaintiff  and grant counsel or student aide  and

    That the plaintiff is further granted shortness of time to bring this case to jury for trial according to proof

    5  For the cost and reasonable attorney fees paid by the defendants' pursuant to 42 USC section 1988

    6  for such further relief as the court deems proper

Dated  April 15  2022

                                          Mr  James White
                                          Plaintiff/In Pro Per

ON BEHALF OF JAMES WHITE
BY AND THROUGH
              JESSE T  MOTEN
              NEXT / FRIEND

# EXHIBIT COVER PAGE

EXHIBIT

Description of Exhibit *Plaintiff ASK THis Court To PERUSE THESE Exhibits THEY Tell THE TRUTH! TWO(2) YEARS still No Full exhaustion By CDCR*

Number of pages to this Exhibit: _____ pages.

JURISICTION: (Mark only one)

___ Municipal Court
___ Superior Court
___ State Supreme Court
___ United States District Court
___ State Circuit Court
___ United States Supreme Court
___ Grand Jury

April 19 2022

TO  Kathleen Allison
Secretary of Operations
Division of Adult Institutions
California Department of Correction and Rehabilitation
Post Office Box 942883
Sacramento  California  942883


FROM  James White  AI5074
California Mens Colony   East
Post Office Box 8101
San Luis Obispo  CA  93409


            Re  FIRST AMEND VIOLATION REDRESS


Dear Sect  Allison
      The proper exhaustion rule failing to utilize proper procedure to
[reasonably] exhaust administrative grievance procedure with regard to the
instant matter  I am absolutely confounded as to
      (1) How/why a document your office (i e  Office of Appeals)  way back
on July 27  2020  per the intra office stamp  "REC by OOA July 27  2020"
is only being replied to on February 23 2022! Almost 2 years later with
actual time limitations?
      (2) How/why your office then labels my aforesaid correspondence as
being "OUTDATED" when the reality is that it was very timely and up to date
or current  Especially when you consider I mailed it to your office almost
two (2) years ago! Moreover  I played **No Role** in the extreme delay in your
offices response or lack of response
      (3) You vicariously indicated that your office "will take no **FURTHER**
action until additional correspondence is received " I was/am not aware of
any "action" your office has taken to date  but
      (4) I am hopeful that your office will now take the "further action"
you averred  as your office can move forward on/with this matter  Because
this letter should serve as the additional correspondence "you were
awaiting" relating to article 1.5 staff misconduct complaints 15 CCR §
3486  Allegations  of  staff  misconduct  toward  an  Incarcerated
person/parolee
      In closing I look forward to hearing from you in the near future to
resolve the staff complaint and the extremely outdated referenced
correspondence

          4-19-22
          (DATE)
                                        James White, AI 5074

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION          GAVIN NEWSOM, GOVERNOR

**OFFICE OF APPEALS**
P.O. Box 942883
Sacramento, CA 94283-0001



February 23, 2022

White, James E.
CDCR # AI5074
California Men's Colony

**Response to Offender's Correspondence**

The California Department of Corrections and Rehabilitation, Office of Appeals is in receipt of your correspondence attached to this letter.

Due to the amount of correspondence received and the extreme backlog in processing, the Office of Appeals will not take action with regards to the outdated correspondence. At this time, your original correspondence is being returned and the Office of Appeals will take no further action until additional correspondence is received.

If your inquiry remains, you may submit correspondence to the Office of Appeals' Correspondence Coordinator by regular mail to the California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 95811.

Thank you for contacting the Office of Appeals.


Correspondence Coordinator
Office of Appeals

REC BY OOA

JUL 27 2020

Subject: Falsification of Documents, Case Number OIA-0492-2020

[The body of this page is too faded and illegible to reliably transcribe. Legible fragments include references to "RVR # 6949965", "(SEE EXHIBIT(A))", and "3006(c)".]

-1-

## Falsification of Documents

(1) [illegible text] staff intentionally provided false information to justify [illegible] applicable [illegible] days [illegible] any [illegible] to a formal grievance [illegible] that [illegible]

(2) Intentionally manufacturing evidence is a felony per P.C. § 132 and other state laws as written.

(3) Wilful refusal to investigate [illegible] accident activity e.g. falsification of documents is an obvious cut to cover-up felonies P.C. § 37 perpetrated by other [illegible] staff code of silence [illegible] retaliation for exercising a clearly established right to signal guaranteed by Civil Rights of Institutionalized Persons Act.

(4) This is not the first time falsification of documents have been issued to plaintiff (SEE) [illegible], [illegible], [illegible]

I am over 18 years old, I [illegible] of the foregoing being [illegible] herein, and if called upon to do so I am competent to testify in a court of law.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct upon information, belief and personal knowledge.

_James White_

_7-19-20_
Date

-3-

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858  (Rev. 10/06)


# RIGHTS AND RESPONSIBILITY STATEMENT


*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**


YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.


| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| JAMES WHITE | James White | 7-19-20 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| JAMES WHITE | James White | AI5074 | 7-19-20 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

# EXHIBIT COVER PAGE



EXHIBIT

Description of Exhibit _____

_____

_____

_____

_____

_____

Number of pages to this Exhibit: __*3*__ pages.

JURISICTION: (Mark only one)

\_\_ Municipal Court
\_\_ Superior Court
\_\_ State Supreme Court
\_\_ United States District Court
\_\_State Circuit Court
\_\_ United States Supreme Court
\_\_ Grand Jury

 

# EVIDENCE PHOTOGRAPH

## CALIFORNIA MEN'S COLONY
### CENTRAL OPERATIONS

| DATE | 12/24/2019 | TIME | | 1030 |
|------|------------|------|------|------|
| NAME | WHITE, JAMES | CDCR# | | AI5074 |
| NAME | N/A | CDCR# | | N/A |

## POSSESSION OF A CELLULAR TELEPHONE COMPONENT

## PHOTO TAKEN BY: C/O G. URIAS








# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, JAMES WHITE _____, declare:

I am over 18 years of age and a party to this action. I am a resident of _____

CALIFORNIA MEN'S COLONY STATE _____ Prison,

in the county of San Luis Obispo CA 93409 ,

State of California. My prison address is: CALIFORNIA MEN'S Colony

P. O. BOX 8101 SAN Luis Obispo CA 93409 .

On_____,
(DATE)

I served the attached: EVIDENCE PHOTOGRAPH TAKEN BY C/O E URIAS AND THE

PHOTO OF ACTUAL DEVICE
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

INMATE APPEALS BRANCH
ASSOCIATE DIRECTOR OFFICE OF APPEALS
MR. HOWARD MOSELEY
DEPT OF CORRECTIONS & Rehabilitations
P. O. BOX 942883
SACRAMENTO CA 94283-0001

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on 7-19-20 _____
(DATE)                   (DECLARANT'S SIGNATURE)

# RESEARCH INFORMATION ONLY!!!!!



# DO **NOT** SEND WITH CORRESPONDENCE

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

**C-FILE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

IAB USE ONLY

Institution/Parole Region   Log #   Category

**CMC-E   20-00746**

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| WHITE JAMES | AI5074 | C-6159 | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
*Due Process, Disciplinary Hearing Violation Policy and Procedures*

FEB 28 2020

CMC APPEALS OFFICE

A. Explain your appeal (If you need more space, use Section A of the CDCR 602-A): *Plaintiff complaint includes A Recital or statement of facts Officer Urias & Officer Cortez has violated Plaintiffs civil Rights under USC 1983 By Filing False Disciplinary charges against Him. By allowing the Disciplinary case to Procced the (SHO) Breaching A Duty to Protect Plaintiff's civil Rights to Due Process. The cell search is not actionable*

B. Action requested (If you need more space, use Section B of the CDCR 602-A): *Plaintiff seeks 30,000 in Punitive Damages for Accusing Officers an 20,000 for Hearing Officer for Spending 30 Days in Segregation Isolation as a Result of Egregious Acts of unconstitutional Trumped-up Disciplinary charges*

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
*Dom Section 33030.16 Employee Disciplinary Matrix    memo Proper Evidence Procedure for wireless Devices*
*Evidence Photo of Alleged Device/Property Receipt    C-Status Property/Dom Policy 54630.1/Final Copy*

☐ No, I have not attached any supporting documents. Reason _____

Inmate/Parolee Signature: *James White*     Date Submitted: *2-26-20*

☐ By placing my initials in this box, I waive my right to receive an interview.

**Document Effective Communication**
**STAFF USE**
**REVIEWED BY THE HIRING AUTHORITY**

C. First Level - Staff Use Only          Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ____ Date: ____ Date: ____ Date: ____
☐ Cancelled (See attached letter) Date: ____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other ____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
                    (Print Name)

Reviewer: _____ Title: _____ Signature: _____
                (Print Name)

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ____ / ____ / ____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____    Date Submitted : _____

---

**E. Second Level - Staff Use Only**                     Staff – Check One: Is CDCR 602-A Attached?  ☑ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review

Assigned to: _S. MCALISTER_ Title: _AWIII_ Date Assigned: MAR 1 0 2020  Date Due: APR 1 3 2020

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _3/21/2020_            Interview Location: _CFAC PROGRAM OFFICE_

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☑ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _LATRAM C.S._        Title: _LIEUTENANT_   Signature: _____   Date completed: _3/25/2020_
            (Print Name)

Reviewer: _J. GASTELO, WARDEN_  Title: _____   Signature: _____
          (Print Name)

Date received by AC: APR 0 8 2020

CMC APPEALS OFFICE

| AC Use Only                            | APR 1 3 2020 |
| Date mailed/delivered to appellant     |              |

---

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____    Date Submitted: _____

---

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
    See attached Third Level response.

| Third Level Use Only                         |
| Date mailed/delivered to appellant ___/___/___ |

---

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____    Date: _____

Print Staff Name: _____  Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region | Log # | Category |
|---|---|---|---|

## CMC-E 20-00746

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded. **WRITE, PRINT, or TYPE CLEARLY** in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| WHITE JAMES | AI 5074 | C-6159 | |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** BUT THE RETALIATORY PLANTING OF CONTRABAND And Disciplinary charges Related To it WERE. SEE MEMO SEPT 7, 2007 THE WRONGFULNESS OF charges KNOWING THE Plaintiff would BE Placed immediately into segregation ON THE BASIS OF Deliberately Fabricated evidence was sufficiently obvious THAT THE RIGHT To BE FREE FROM such charges is A Constitutional RIGHT. Edwards -v-Balisok 520 US 641 (117 (1997) Due Process REQUIREMENT ARE NOT SO LAX AS TO LET STAND THE DECISION OF A BIASED HEARING OFFICER (SHO) Who Dishonestly suppress evidence OF innocence. Pino -v-Dalsheim 605 F supp 1305 1318 (S NY 1984) THE(SHO) WHO WAS DESIGNATED TO HEAR Disciplinary HAD A Duty To conduct AT LEAST A minimal INVESTIGATION PER MEMO PROPER evidence Procedure FOR Wireless communication Device's AN could BE Held Liable FOR Failure TO Do So upon Receiving Question FROM Plaintiff GIVING NOTICE OF Due Process violation Title 15 3319 WERE SO COERCIVE And Abusive Expressing GRAVE DOUBT Whether It is constitutional TO Punish THE Plaintiff OF Acts which HE IN ALL PRObability DID NOT commit. Brown -v-Fauver 819 F2d at 399 THERE is A Clearly established constitutional Due Process Right NOT TO BE subjected To Disciplinary charges ON THE BASIS OF Reasonable suspicion is something Stronger THAN A MERE HUNCH AT A minimum IT REQUIRES ARticulable FACTUAL information BEARING AT LEAST some indicia Reliability. The Department Lieutenant Failure TO Discipline miscreant officers Failure TO INVESTIGATE OR CORRECT Constitutional violation support THERE is A Policy OR Custom THAT LED TO shock THE Conscience FOR PURPOSE OF violation OF Plaintiff's substantive Due-Process Rights-2013 US Dist Lexis 170474 Johnson -v-Felker Title 15 3084.1 (d)

Inmate/Parolee Signature: _James White_    Date Submitted: _2-26-20_

FEB 28 2020
CMC APPEALS OFFICE

*(vertical text, right margin):* Document Effective Communication

*(vertical text, right margin):* REVIEWED BY THE HIRING AUTHORITY

**B. Continuation of CDCR 602, Section B only (Action requested):**

DECLARATION

I THE Plaintiff DECLARE UNDER THE Penalty OF Perjury under THE LAWS OF THE STATE OF California, THAT ALL OF THE FACTS STATED IN SECTION (A) OF THIS Appeal ARE TRUE And Correct. EXECUTED ON 2-26-20 AT California MEN'S Colony IN SAN LUIS Obispo CA

Additionally Plaintiff is REQUESTING TO BE Allowed TO KEEP Appliances DUE TO THE FACT THAT HE is WITHIN THE CCCMS MENTAL HEALTH Delivery System

Inmate/Parolee Signature: _James White_    Date Submitted: _2-26-20_

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D.  Continuation of CDCR 602,  Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

State of California                                      Department of Corrections and Rehabilitation

# Memorandum

Date:          April 2, 2020

To:            WHITE, James
               AI5074; FACILITY C 6159
               California Men's Colony (CMC)

Subject:       **SECOND LEVEL REVIEW (SLR)**
               **CMC APPEAL LOG NUMBER CMC-E-20-00746**

A review of your appeal has been completed. Your complaint, including requested
remedial action, has received careful consideration.

**APPEAL ISSUE:**
On February 26, 2020, you submitted a California Department of Corrections (CDCR)
Inmate/Parolee Appeal Form 602, claiming Rules Violation Report (RVR) Log Number
6949965 violated your due process and civil rights in the following ways:
1.   You allege Correctional Officers M. Cortez and G. Urias filed false disciplinary charges
     against you.
2.   You allege Correctional Lieutenant D. Scheiffele, the Senior Hearing Officer (SHO),
     allowed the disciplinary case to proceed breaching a duty to protect your civil rights
     to due process.
3.   You allege the discovered contraband was planted.
4.   You allege the involved parties proceeded knowing you would be placed immediately
     into segregation.
5.   You allege Lieutenant Scheiffele suppressed evidence during the RVR hearing.
6.   You allege per a CDCR Memorandum dated September 7, 2007, Lieutenant Scheiffele
     had a duty to conduct a minimal investigation and failed to do so.
7.   You allege Lieutenant Scheiffele failed to discipline Officers Cortez and Urias.
8.   While being interviewed you claim you were not assigned an Investigative Employee
     (IE) when you should have been.

**ACTION REQUESTED:**
1.   Within your appeal, you request $50,000 in punitive damages. Specifically, $30,000
     from accusing officers (Officers Cortez and Urias) and $20,000 from the SHO
     (Lieutenant Scheiffele) due to spending thirty (30) days in segregation for false
     charges.
2.   Within your appeal, you request to be allowed to keep your appliances while on C
     Status, due to your participation in the Mental Health Services Delivery System
     (MHSDS) at the Correctional Clinical Case Management System (CCCMS) Level of Care
     (LOC).

**DETERMINATION:**
Pursuant to the California Code of Regulation (CCR), Title 15, Section 3084.9(i)(1), your
allegations of staff misconduct (regarding the SHO) were reviewed by the Hiring Authority
and deemed not to warrant Staff Complaint processing. Therefore, your appeal has been

processed as a routine appeal pursuant to CCR, Title 15, Section 3084.5(b)(4)(A) and assigned to the SLR pursuant to CCR, Title 15, Section 3084.7.

It is also noted the CMC completed a Staff Compliant, Appeal Log Number CMC-E-20-0435, regarding the allegations of misconduct made against Correctional Officers Cortez and Urias. As such, this response will only address the issues outside of those related to any alleged staff misconduct.

**EFFECTIVE COMMUNICATION:**
A review of your Strategic Offender Management System (SOMS) digital file revealed you have a Test of Adult Basic Education (TABE) score of 1.7. As such, effective communication (EC) was achieved by speaking to you in simple English, spoken slowly and clearly to ensure your understanding. You asked appropriate questions regarding the information provided and rephrased the statements in your own words indicating your understanding of the issues discussed.

**INTERVIEWS:**
On March 21, 2020, at approximately 1000 hours, Correctional Lieutenant C. S. LaPraim conducted an interview with you regarding your appeal. During the interview, you reiterated your written contentions. When asked how your due process was violated during the hearing, you replied, *"Mainly, I wasn't given an IE. It's all in the appeal, it's all in there."* Lieutenant LaPraim explained in your appeal, you claim you were subject to "30 days in segregation isolation;" however, records show you were not placed in the Administrative Segregation Unit (ASU). When asked to clarify, you replied, *"Is that right? I was placed on C Status."* When Lieutenant LaPraim explained Privilege Group C Status is not ASU status, you replied, *"To me it's the same."* When asked what specific evidence the SHO suppressed, you claim the component was not tested to determine if it was a cell phone component. Lieutenant LaPraim then queried you regarding your refusal to respond to the SHO's direct question during the hearing when he asked, *"If not a cellular telephone component, what was it?"* You again provided no additional information and the interview was concluded.

**APPLICABLE DOCUMENTATION / EVIDENCE ASSOCIATED WITH APPEAL:**
- Review of CDCR 602 Appeal Log Number CMC-E-20-00746
- Review of CDCR 602 Appeal Log Number CMC-E-20-00435
- Review of RVR Number 6949965
- Division of Adult Institutions (DAI) Memorandum (memo), dated September 7, 2007
- CMC Property Search Receipt/Notice (CMC-214) dated February 14, 2020
- Review of CCR, Title 15, Section 3315 (a), *Serious Rule Violation*
- Review of CCR, Title 15, Section 3315 (d), *Serious Rule Violation*
- Review of CDCR Departmental Operations Manuel (DOM) 33030.16, *Employee Disciplinary Matrix*
- Review of DOM 54030.1, *Inmate Property*

CMC Appeal Log Number CMC-E-20-00746
Second Level Review
Page 3 of 4

- Review of SOMS

**RESPONSE TO APPEAL ISSUE(S):**
This SLR of your disciplinary report reveals you received copies of all documents utilized during your hearing within established time constraints, the hearing was conducted within the mandated periods, and you were afforded all due process rights concerning access to witnesses and presentation of evidence. An unbiased SHO heard your RVR and you were subsequently found guilty of, *"Possession of a Cellular Telephone Component"* and accessed Loss of Privileges penalties associated with a Serious Rules Violation.

1. Your contention Officers Cortez and Urias filed false disciplinary charges against you will not be addressed within this SLR Response. As noted above, your allegations of staff misconduct were previously addressed within Appeal Log Number CMC-E-20-00435.

2. Your contention Lieutenant Scheiffele allowed the disciplinary case to proceed breaching a duty to protect your civil rights to due process is without merit. You have presented no evidence to suggest a violation of your due process rights, nor was one discovered during the SLR of RVR Log Number 6949965.

3. Your contention the discovered contraband was planted is without merit. No evidence exists nor have you provided any evidence which would support your claim the discovered contraband was planted by CDCR personnel.

4. Your contention the involved parties proceeded knowing you would be placed immediately into segregation is without merit. A review of SOMS does not indicate you were ever rehoused in the ASU due to the circumstances outlined within RVR Number 6949965. However, as indicated within your interview with Lieutenant LaPraim, you were placed in Privilege Group C as a sanction applied by Lieutenant Scheiffele, in compliance with CDCR policy for this violation.

5. Your allegation Lieutenant Scheiffele suppressed evidence is without merit. You have presented no information or evidence to support this allegation.

6. Your allegation per a CDCR Memorandum dated September 7, 2007, Lieutenant Scheiffele had a duty to conduct a minimal investigation and failed to do so has no merit. The aforementioned memorandum speaks to the expectations upon the discovery of a wireless communication device, not a component of the same item. The memorandu, does not mandate the SHO or any other staff conduct a minimal investigation.

7. Your allegation Lieutenant Scheiffele failed to discipline Officers Cortez and Urias is without merit. You have presented no evidence to support Officers Cortez or Urias violating any department policy to warrant referral to the hiring authority. Regardless, staff disciplinary action is beyond the scope of the appeals process.

8. Your allegation you were not assigned an IE as one was required is without merit. During the RVR process, it was determined you did not meet the criteria for an IE as outlined within CCR, Title 15, Section 3315(d).

CMC Appeal Log Number CMC-E-20-00746
Second Level Review
Page 4 of 4

**RESPONSE TO ACTION REQUESTED:**

1. Your request for punitive damages, totaling $50,000 is denied. Monetary compensation is beyond the scope of the appeals process.
2. Your request to be allowed to keep your appliances while on C Status based upon your participation in the MHSDS at the CCCMS LOC is denied. You will have all available property allowed to inmates on C Status. Furthermore, this issue is moot as you no longer are assigned to Work Group C.

**CONCLUSION:**

Based on the aforementioned, your appeal is denied at the SLR. Should you be dissatisfied with this appeal decision you may, by following the instructions listed on your CDCR 602, request further review.

**APPEAL DENIED**

J. GASTELO
Warden
California Men's Colony

The officer G.Urias and Officer Cortez Lieutenant D.
Scheiffete and all staff that signed off on RVR 6949965
which violated the Employee Disciplinary Matrix.

## CONDUCT or INEFFICIENCY

27) Intentional failure to intervene or attempt to stop
misconduct by another employee.

(Gov.Code§ 19572 c,d,e,f,o,t. Penalty level 5

26) Failure to observe and perform within the scope of training.

(Gov. Code§19572 c,d,e,t. Penalty level 3

## INTEGRITY

7) Falsification or making intentionally misleading statements
in office reports or records.

(Gov. Code§19572 f,t. Penalty level 9

## CODE OF SILENCE OR RETALIATION

1) Intentional failure to report misconduct by another employee.

(Gov. Code§ 19572 c,d,e,f,o,t Penalty level 5

4) Any independent act(s) which prevents or interferes with the
reporting of misconduct.

(Gov. Code§ 19572 c,d,e,f,o,t. Penalty level 9

5) Any involvement in a coordinated effort with other employees
to prohibit the reporting of misconduct.

(Gov. Code§19572 c,d,e,f,o,t. Penalty level 9

2) Making false or intentionally misleading statements to a
supervisor. (Gov. Code§ 19572 e,f,t. Penalty level 6

The SHO Lieutenant D. Scheiffele failure to put the question
in the hearing that the hearing on 2-2-20 was a due process
violation and that plaintiff White AI5074 ask for an I.E. to
determine alleged device to be a cell phone component.

Officer Urias and officer Cortez violated integrity

7) Falsification or making intentionally misleading statements in official reports or records. Gov Code§19572 F,T,penalty level 9.

The RVR log number 6949965 and the SHO Lt. D. Scheiffete has participated in a conspiracy, Due Process violation false charges.

P.C.§115 Attempt to record False or Forged Instrument

P.C.§115.3 Alteration of Office Record

P.C.§118.1 False Record by Peace Officer

P.C.§129 False statement purportly under oath

P.C.§131 Falsify Misrepresent or Conceal a Material Fact;

P.C.§134 Falsifying Documents to Be used in Evidence

P.C.§135 Destroying or Concealing Documentary Evidence

P.C.§141(B) Tampering with Physical Evidence

P.C.§153 Compounding or Concealing Crime

The following violation of California Law have occurred and are being alleged in this citizen complaint file before CDCR Internal Affairs, Office of the Inspector General, Office of the Ombudsman, The Grand Jury of SLO County in regards to the said RVR issued by officer Urias. P.C.§125 unqualified statement same as false statement this aspect of the citizen complaint is being filed against officer Urias, officer Cortez, SHO Lt. Scheiffete for the alleged cell phone component and a due process violation by all staff that signed off on this RVR 6949965 clear plaintiff White's name.

# EXHIBIT COVER PAGE



EXHIBIT

Description of Exhibit _____

_____

_____

_____

_____

_____

Number of pages to this Exhibit: _____ pages.

JURISICTION: (Mark only one)

__ Municipal Court
__ Superior Court
__ State Supreme Court
__ United States District Court
__ State Circuit Court
__ United States Supreme Court
__ Grand Jury

 

# EVIDENCE PHOTOGRAPH

## CALIFORNIA MEN'S COLONY
## CENTRAL OPERATIONS

| DATE | 12/24/2019 | TIME | | 1030 |
|------|------------|------|------|------|
| NAME | WHITE, JAMES | CDCR# | | AI5074 |
| NAME | N/A | CDCR# | | N/A |

## POSSESSION OF A CELLULAR TELEPHONE COMPONENT

## PHOTO TAKEN BY: C/O G. URIAS



California Men's Colony
**Property Search Receipt/Notice**

In accordance with California Code of Regulations, Title 15, § 3287(4) this notice is being issued to you due to a search having been done on your cell.

Date: 1/1/10    Occupant: WHITE    CDCR#: AI-1874 Facility: ( Building/Dorm: 6 Cell/Bed: 425

Occupant: N/A    CDCR#: _____ Facility: _____ Building/Dorm: _____ Cell/Bed: _____

| Quantity | Item(s) Impounded | Personal/State | | Reason* | | | | Disposition** | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ONE | CLEARVINGS TV | P | S | A | U | E | D | A | B | C | D |
| ONE | AIWA CD PLAYER | P | S | A | U | E | D | A | B | C | D |
| ONE | HOT POT (BROWN COLOR) | P | S | A | U | E | D | A | B | C | D |
| ONE | WIRELESS TRIMMER | P | S | A | U | E | D | A | B | C | D |
| | | P | S | A | U | E | D | A | B | C | D |
| | | P | S | A | U | E | D | A | B | C | D |

**Breach of Security–Follow up Action/Comments. \*\*\***

C. STATUS UNTIL 3/3/20

Inspecting Officer(s)    J. VASQUEZ
    Print Name    Signature

*Reason:    A = Altered    U = Unauthorized    E = Excess    D = Dangerous
**Disposition:    A = Disposed of per Title 15, §3191(c)    B = Turned over to R & R    C = Secured as evidence    D = Other (explain in Comments section).
***Any breach of security will be noted in this area and what follow-up action will be taken, i.e. work order or disciplinary (128A/115).

White: **Inmate**    Yellow: **Program Sergeant**

CMC-214 (6/16) OTP

# EXHIBIT COVER PAGE

*B*

EXHIBIT

Description of Exhibit _____

_____

_____

_____

_____

_____

Number of pages to this Exhibit: _____ pages.

JURISICTION: (Mark only one)

___ Municipal Court
___ Superior Court
___ State Supreme Court
___ United States District Court
___ State Circuit Court
___ United States Supreme Court
___ Grand Jury

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date    September 7, 2007

1 COPY REC'D    AW-HC
1 COPY TO CDW    AW-ADA
1 COPY TO AW - ES    IST
1 COPY TO AW - CS    Litigation
1 COPY TO AW - H & P
1 COPY TO AW - RC
1 COPY TO    all Captains
1 COPY TO    ISU
1 COPY TO FILE

To    Associate Directors, Division of Adult Institutions
Wardens

Subject    PROPER  EVIDENCE  PROCEDURES  FOR  WIRELESS  COMMUNICATION
DEVICES

With the increasing number of incidents of inmates found with
unauthorized/contraband wireless communication devices, you are directed to use
the following evidentiary procedures to process such device(s):

   A. The wireless communication device(s) shall be photographed prior to
      removing the device(s) from the area. At least one picture "natural" and one
      utilizing a measuring device shall be taken.

   B. The wireless communication device(s) shall be handled in a manner to
      preserve prints; regardless if it is found on an inmate, in a cell, dorm or
      uncontrolled; keep sole custody of the device(s); and handle the device(s)
      with care.

   C. The device(s) shall not be investigated for data, i.e., phone numbers,
      pictures, text messages, or videos.

   D. When a wireless communications device(a) is discovered, either in the
      possession of an inmate or in an uncontrolled area, the employee
      discovering the wireless communication device(s) will personally turn over
      the wireless communication device(s) to Investigative Services Unit (ISU)
      staff.

   E. During ISU off duty hours, the wireless communications device(s) will be
      processed into a Sub-Evidence Room/Locker per this procedure with written
      documentation to provide adequate information to show all pertinent
      sequence of events resulting in the discovery and confiscation of the
      wireless communications device(s).

   F. The employee shall place the wireless communication device(s) in a sealed
      paper bag or envelope and shall initial and date across the seal.

   G. The employee shall fill out an evidence tag for the wireless communication
      device(s) and mark "handle for prints" on the tag and placed in the Sub-
      Evidence Room/Locker, as identified in E, above.

Associate Directors, Division of Adult Institutions
Wardens
Page 2

Under no circumstance will a staff member or a contract employee bring a personal wireless communication device(s) within the secure perimeter without prior authorization from the Warden or designee.

The contents of this document shall be provided to all custody personnel. Wardens shall determine the best method for disseminating this information for their institution. This can be accomplished in the form of On-the-job Training or by formal In-Service Training.

If you have any questions or require additional information, please contact Rick Grenz, Associate Warden, Special Projects Unit, via e-mail at Rick.Grenz@cdcr.ca.gov or by telephone at (916) 327-5311.

SCOTT KERNAN
Chief Deputy Secretary
Adult Operations

cc: Nancy Bither

# EXHIBIT COVER PAGE



EXHIBIT

Description of Exhibit _____

_____

_____

_____

_____

_____

Number of pages to this Exhibit: _____ pages.

JURISICTION: (Mark only one)

___ Municipal Court
___ Superior Court
___ State Supreme Court
___ United States District Court
___ State Circuit Court
___ United States Supreme Court
___ Grand Jury

 **CALIFORNIA DEPARTMENT of Corrections and Rehabilitation**



# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: California Men's Colony | Facility: CMC-Facility C | Log Number: 000000006949965 |
| Inmate Name: WHITE, JAMES E. | CDC #: AI5074 | Bed Number: CMC-C - C 006 1 - 159001U |
| TABE Score: 01.7 | MH LOC: CCCMS | DDP Status: NCF |

### DUE PROCESS

| | |
|---|---|
| Rule Violation #: 3006(c) | Specific Act: Possession of a cellular telephone component |
| Level: Serious | Offense Division: Division F |
| Offense Occurrence: 1st Occurrence | |
| Violation Date: 12/24/2019 | Violation Time: 10:30:00 |
| Hearing Date: 02/02/2020 | Hearing Time: 11:05:00 |

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| Date | Time | Type/Reason | Staff | Elapsed Days |
| 01/01/2020 | 12:27:39 | RVR Ready for Review by Supv. | G. Urias | 8 |
| 01/03/2020 | 08:40:34 | RVR Approved by Supervisor | T. Lloyd | 10 |
| 01/05/2020 | 12:59:42 | RVR Classified | J. Curry | 12 |
| 01/06/2020 | 09:47:22 | Notice of Pending Charges Sent to Rcds. | M. Monteiro | 13 |
| 01/06/2020 | 10:03:30 | SA Assigned | M. Monteiro | 13 |
| 01/06/2020 | 10:04:12 | SA Inmate Interaction | M. Monteiro | 13 |
| 01/06/2020 | 10:04:48 | Inmate Copy Served Initial Rules Violation Report | M. Monteiro | 13 |
| 01/06/2020 | 10:05:12 | Inmate Copy Served Photograph(s) | M. Monteiro | 13 |
| 01/06/2020 | 10:05:36 | SA Refused by Inmate | M. Monteiro | 13 |
| 01/09/2020 | 08:00:00 | SA Assigned | M. Monteiro | 16 |
| 01/10/2020 | 09:00:00 | SA Inmate Interaction | L. Dominguez | 17 |
| 02/01/2020 | 10:40:00 | SA Unassigned | K. Sawdey | 39 |

| 02/01/2020 | 10:45:00 | SA Assigned | N. Canisalez | 39 |
| 02/01/2020 | 10:46:00 | SA Inmate Interaction | D. Rouse | 39 |

All Time Constraints Met?: Yes        SHO/HO DDP Certified?: Yes

**Due Process Additional Information:**

## HEARING

◉ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An
Informational Chrono was generated documenting the refusal to attend the hearing.
◉ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

## DISABILITY

☒ Hearing   ☒ Vision   ☒ Mobility   ☒ Learning   ☒ Developmental/Cognitive
☒ Other   ☑ None

Requires Accommodation? No

### DDP Specific Information

128-C2 Reviewed? Yes                                    Current DDP Status Date:
                                                         09/02/2011

Did the Reporting Employee document the use of Adaptation Support(s)? No

| Adaptive Support | Contribute | How | |
| | | | |

| Victimization | Contribute | How | |
| | | | |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:  N/A

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate
documentation:  N/A

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate

CDCR SOMS ISST126 - CDC NUMBER: AI5074 NAME: WHITE, JAMES E.        Page 2 of 11

documentation:  N/A

Clinical Staff determined Mental Health Symptoms contributed to behavior:  N/A

Clinical Staff determined Developmental Disability contributed to behavior:  N/A

Clinical Staff provided information when assessing the penalties:  N/A

## STAFF ASSISTANT

Staff Assistant Assigned: Yes

Reason for assignment of Staff Assistant: TABE Score 4.0 or below;TABE Score 4.0 or below;MH LOC EOP or higher

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? |
|---------|--------------|-----------|--------------------------------|----------|
| D. Rouse | 02/01/2020 | Yes | Yes | Yes |

**Staff Assistant Additional Information:**

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential |
|------------------------------|--------------------------------|-------------------------------|--------------------|--------------------|--------------------------------------------|
| | | | | | ☑ Information which, if known to inmates, would endanger the safety of person(s). ☑ Information which, if known to inmates, would jeopardize the security of the institution. ☑ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☑ Information provided and classified confidential by another governmental agency. |

|  |  |  |  | ☒ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficent Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
|  |  |  |  | ☒ The confidential source has previously provided information which has proved to be true. ☒ Other confidential sources have independently provided the same information. ☒ The information provided by the confidential source is self-incriminating. ☒ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources. ☒ The confidential source is the victim. ☐ This source successfully completed a polygraph examination. |

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing

☒ Reporting Employee          ☐ Staff Assistant          ☐ Investigative Employee

☐ Other          ☐ Inmate          ☐ None

| Non-Inmate Witness(es) | | | |
|---|---|---|---|
| **Name** | **Rank** | **Type** | **Granted?** |
| G. Urias | Correctional Officer | Reporting Employee | Yes |

**Questions Asked**

The SHO noted that WHITE did request the presence of the Reporting Employee, Correctional Officer G. Urias, as a witness at his hearing. The SHO granted the request for Officer Urias, who was present and instructed WHITE that he has to present his questions to the SHO. The SHO would in turn weigh the relativity of the questions and then, if deemed appropriate, ask the questions of the witness. In accordance with CCR 3315(e)(5), WHITE submitted seventeen (17) written questions to the SHO. The SHO screened the questions and found nine (9) relevant to the violation charged.

The SHO asked the following relevant questions (Q) on behalf of WHITE, which were answered (A) by Officer Urias as follows:

Q1: "On December 24th Officer Urias you stated in your RVR at approximately 10:30 am you was conducting a random cell search of Cell 6159 solely assigned to Mr. White correct?"
A1: The SHO determined this question was answered in the body of the RVR as such it is deemed irrelevant.
Q2: "Officer Urias on December 24th at approximately 10:00 am Bld 6 conducted a 10 minute in line is that correct?"
A2: "Yes."
Q3: "Officer Urias on December 24th during that 10:00 am in line did Mr. White approach you at the 1st tier podium and ask you why his cell 6159 was keyed with his legal material strewn across the cell floor is that correct?"
A3: "You were advised your cell was still being searched." ***SHO NOTE: As WHITE's question contained information regarding alleged Staff Misconduct, the SHO advised WHITE of the Staff Complaint Process and that any complaints against Staff required that he fill-out a CDC Form 602 Inmate/Parolee Appeal.
Q4: "Officer Urias did you or did you not state to Mr. White you was not finish searching his cell?"
A4: "Yes, it wasn't finalized."
Q5: "Officer Urias at that point did Mr. White state to you that according to Title 15 3287(3) inmates should be permitted to observe the search is that correct?"
A5: "I didn't feel comfortable with you watching during the search, and as this was a routine (random) search and not a special search your presence was not required per the rule."
Q6: "Officer Urias at this point did you or did you not summons Officer Cortez to assist you is that correct?"
A6: "I did."
Q7: "Officer Urias did you and Officer Cortez state to Mr. White that he could not observe the search of his cell cause that was not a part of the Rules or Policy an told Mr. White to cuff up and was escorted to the holding cage outside the Program Office so you and Officer Cortez could finish searching Mr. White cell is that correct?"
A7: "Due to your propensity to become agitated and inciteful, and your history of disobeying orders, additional staff was requested to escort you from the building."
Q8: "Officer Urias did you or did you not take the proper evidence procedure for wireless communication devices?"
A8: The SHO determined the question was irrelevant as the procedure was documented in RVR.
Q9: "Officer Urias according to Policy and Procedure the wireless communication device(s) shall be photographed prior to removing the device(s) from the area. At least one picture "Natural" and one utilizing a measuring device shall be taken. Did you follow these procedures?"
A9: The SHO determined the question was irrelevant as the procedure was documented in RVR and WHITE was provided with a copy of the photographic evidence.
Q10: "Officer Urias when a wireless communication device(s) is discovered, either in the possession of an inmate or in a uncontrolled area, the employee discovering the wireless communication device (s) will personally turn over the wireless communication devices(s) to Investigative Services Unit (ISU) Staff. Officer Urias was these procedures followed?"
A10: The SHO determined the question was irrelevant as the evidence procedure was documented in RVR.
Q11: "Officer Urias how did you determine the alleged device is a cellular phone component?"
A11: "The reviewing official determined the device was a cellular telephone component."
Q12: "Officer Urias did you send the alleged cell phone device to ISU or a lab?"
A12: The SHO determined the question was irrelevant as the evidence procedure was documented in RVR.
Q13: "Officer Urias do you have a report from ISU or a lab?"
A13: The SHO determined the question was irrelevant as the evidence procedure was documented in RVR.
Q14: "Officer Urias in your RVR Report Number 6949965 you state inmate WHITE violated Rule Number 3006(c) is that correct?"
A14: "Yes."
Q15: "Officer Urias as of to date has this device or alleged telephone component you stated in your report violate any part of Title 15 3006(20) Contraband any cellular telephone component or wireless communication device accessory and/or component including, but not limited to a "Subscriber Identity" module (SIM Card), memory storage device, cellular phone battery, wireless or wireless headset, an cellular phone charger?"
A15: "Yes, as indicated previously the reviewing official determined the device was a cellular

telephone component."
Q16: "Officer Urias does that component you stated you found in Mr. WHITE Cell 6159 "meet" any of the criteria's to be classified as a cellular phone component?"
A16: The SHO determined the question was irrelevant as it is asked and answered in Question 11 above and thus deemed redundant.
Q17: "Officer Urias are you or are you not aware that fabricating a RVR is considered a false report?"
A17: The SHO determined the question was irrelevant to the charge and as WHITE was alleging Staff Misconduct, he was advised of the Staff Complaint Process and that any complaints against Staff required that he fill-out a CDC Form 602 Inmate/Parolee Appeal.

WHITE had no further questions for Officer Urias.
The SHO had no questions for Officer Urias and he was excused from the hearing.

### Inmate Witness(es)

| CDC# | Name | Bed | Granted? | |
|------|------|-----|----------|--|
| | | | | |

**Questions Asked**

| |
|--|
| |

**Witness Additional Information:**

| |
|--|
| |

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Not Guilty

○ Subject declined to make a statement
◉ Subject made a statement

**Comments:**

"I would like to have ISU test the charger to determine if it is a cell phone charger."

The SHO notes WHITE presented a written question to the SHO as follows:

"First an foremost this hearing is a violation of my due process right due to the fact that I requested a I.E. an none was provided as requested to assist me with contacting the necessary people to determine this alleged device to be a cell phone component."

As the SHO could not determine what WHITE was asking, the above was determined to be a statement.

Furthermore, based on the questions (Q) presented by WHITE to the Reporting Employee, coupled with the above-noted statement, the SHO asked the following question (Q) to WHITE:

Q1: "If the device discovered in your Cell 6159, which was solely occupied by you wasn't a cellular telephone component, what was it?
A1: WHITE declined to answer the question.

The SHO had no further questions.

## FINDINGS

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:

CDCR SOMS ISST126 - CDC NUMBER: AI5074 NAME: WHITE, JAMES E.          Page 6 of 11

**Comments:**

Inmates may not possess or have under their control or constructive possession any cellular telephone or wireless communication device accessory and/or component including, but not limited to, a subscriber identity module (SIM card), memory storage device, cellular phone battery, wired or wireless headset, and cellular phone charger. Possession means it was found on the inmate's person, within the inmate's area of responsibility or evidence shows that defendant retained constructive possession. In the instant case, the SHO reviewed the RVR wherein the Reporting Employee documents WHITE's possession of a Cellular Telephone Component, as it was discovered in his area of responsibility (assigned cell), and as such, the SHO determined the finding of guilty for "Possession of a Cellular Telephone Component" is appropriate.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

The SHO has noted there was no Mental Health Assessment (CDCR 115-MH-A) submitted by Clinical Staff for consideration.

## EVIDENCE

The following evidence was used to support the findings:

**Comments:**

A. Rules Violation Report authored by Correctional Officer G. Urias, in which he documented, on December 24th, 2018, at approximately 1030 hours, Officer Urias was conducting a random cell search of cell 6159 solely assigned to WHITE (AI5074). During the search of his cell he discovered a black cellular telephone charging device component inside in an ointment box, in a clear bag, on the shelf above the desk inside WHITE's cell. Officer Urias secured the contraband inside his left pant pocket while he continued his search, which resulted in negative results for additional related contraband. Upon completion of the cell search, Officer Urias completed a cell search receipt documenting the aforementioned contraband, secured cell 6159 and transported the cellular telephone charging device component to the Facility C Program Office.

B. PHOTOGRAPHIC EVIDENCE:
Photo depicting the Cellular Telephone Component on an Evidence Placard with WHITE's name and CDCR Number.

C. Testimony by WHITE during the hearing. The SHO asked the following question (Q) to WHITE:

Q1: "If the device discovered in your Cell 6159, which was solely occupied by you wasn't a cellular telephone component, what was it?
A1: WHITE declined to answer the question.

The SHO determined that WHITE was afforded an opportunity to provide a reasonable explanation for possession of the electronic component and to its use and function. The SHO determined WHITE failed to provide an adequate response in his defense.

D. Testimony of the Reporting Employee, Correctional Officer G. Urias to the SHO at the time of the hearing, when Officer Urias was asked, "Officer Urias how did you determine the alleged device is a cellular phone component?" Officer Urias stated, "The reviewing official determined the device was a cellular telephone component." Officer Urias was asked, "Officer Urias in your RVR Report Number 6949965 you state inmate WHITE violated Rule Number 3006(c) is that correct?" Officer Urias stated, "Yes." Officer Urias was asked, "Officer Urias as of to date has this device or alleged telephone component you stated in your report violate any part of Title 15 3006(20) Contraband any cellular telephone component or wireless communication device accessory and/or component including, but not limited to a "Subscriber Identity" module (SIM Card), memory storage device, cellular phone battery, wireless or wireless headset, an cellular phone charger?" Officer Urias stated, "Yes, as indicated previously the reviewing official determined the device was a cellular telephone component."

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☒ | ☐ | ☒ | ☒ | | |
| Confined to Quarters Days | | | ☒ | ☒ | ☒ | ☒ | | |
| Confined to Quarters Weekends | | | ☒ | ☒ | ☒ | ☒ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☒ | | |
| Privilege Group C | 30 Days | No | ☐ | ☐ | ☐ | ☒ | 02/02/2020 | 03/03/2020 |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☒ | ☒ | ☒ | | |
| Phone Privileges | | | ☒ | ☒ | ☒ | ☒ | | |
| Extra Duty | | | ☒ | ☒ | ☒ | ☒ | | |
| Yard Recreation Privileges | | | ☒ | ☒ | ☒ | ☒ | | |
| Day Room Privileges | | | ☐ | ☒ | ☒ | ☐ | | |
| Packages Privileges | | | ☒ | ☒ | ☒ | ☒ | | |
| Property Restrictions | | | ☐ | ☒ | ☒ | ☐ | | |
| Visiting Privileges | | | ☒ | ☒ | ☒ | ☒ | | |
| Contact Visiting Privileges | | | ☐ | ☒ | ☒ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |

| Trust Account Hold | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☒ Impose Suspended Sanctions                    ☒ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

Although WHITE is currently a participant in the MHSDS at the CCCMS level of care, there are no mental health factors to take into consideration.

**Comments:**

The SHO notes one (1) year Loss of Family (Overnight) Visiting Privileges per CCR 3315(f)(5)(Q) beginning February 2, 2020, through and including February 2, 2021, has been assessed and entered into SOMS.

Referred to Classification Committee  N/A

For ☒ SHU Term Assessment ☒ Program Review ☒ Un-Assignment ☒ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

⊙ Not Applicable
⊙ Subject states he/she does not have Enemy or Safety Concerns.
⊙ One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:
⊙ Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?: No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

**Additional Information:**

The confiscated evidence item(s) used in this case was retained in the program office evidence pending review by the CDO and outcome of the appeal process.

## CREDIT RESTORATION

CDCR SOMS ISST126 - CDC NUMBER: AI5074 NAME: WHITE, JAMES E.                    Page 9 of 11

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

**Hearing Official**

D. Scheffele

TITLE:
Lieutenant

DATE:
02/20/2020

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                                        Offense Division:

                                                             CDO Summary: Affirming The Hearing Results

Offense Occurrence:

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☒ | ☒ | ☒ | ☒ | | |
| Confined to Quarters Days | | | ☒ | ☒ | ☒ | ☒ | | |
| Confined to Quarters Weekends | | | ☒ | ☒ | ☒ | ☒ | | |
| Disciplinary Detention | | | ☒ | ☒ | ☒ | ☒ | | |
| Privilege Group C | 30 Days | No | ☒ | ☒ | ☒ | ☒ | 02/02/2020 | 03/03/2020 |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☒ | ☒ | ☒ | ☒ | | |
| Phone Privileges | | | ☒ | ☒ | ☒ | ☒ | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Extra Duty | | | ☒ | ☒ | ☒ | ☒ | | | |
| Yard Recreation Privileges | | | ☒ | ☒ | ☒ | ☒ | | | |
| Day Room Privileges | | | ☒ | ☐ | ☒ | ☒ | | | |
| Packages Privileges | | | ☒ | ☒ | ☒ | ☒ | | | |
| Property Restrictions | | | ☒ | ☒ | ☒ | ☒ | | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | | |
| Contact Visiting Privileges | | | ☒ | ☒ | ☒ | ☒ | | | |
| Contact Visiting (Permanent Loss) | | | | | | | | | |
| Trust Account Hold | | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | | |
| IEX Control Suit | | | | | | | | | |

☒ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Comments:**

**Chief Disciplinary Officer**

**Comments:**

D. McAlister

TITLE: CDO

DATE: 02/20/2020

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

# EXHIBIT COVER PAGE



EXHIBIT

Description of Exhibit _____

_____

_____

_____

_____

_____

Number of pages to this Exhibit: _____ pages.

JURISICTION: (Mark only one)

___ Municipal Court
___ Superior Court
___ State Supreme Court
___ United States District Court
___ State Circuit Court
___ United States Supreme Court
___ Grand Jury

# C Status inmates and their property

DOM states in part under 54030.1 Policy:

*The APPS is the primary reference for allowable inmate property and identifies limitations to the number of items allowed, dimension restrictions, if applicable, cost/value limitations, etc. The APPS standardizes allowable inmate property department wide based upon assigned Privilege Group and/or assigned security level and/or institution mission, constitutional and legal mandates, and gender considerations.*

This is the list of items a C Status inmate can no longer have per the Authorized Personal Property Schedule (APPS):

| | | |
|---|---|---|
| Cassettes | playing cards | fan |
| battery charger | checkers | hair clipper/trimmer |
| batteries | chess | handicraft |
| clock | dominos | hot pot |
| coaxial cable | scrabble | lamp |
| compact discs | flat antenna | instruments |
| extension cord | radios/CD players | electric razor |
| instrument strings | calculator | TV |
| light bulbs | CD wallets | typewriters |
| splitter | earbuds/headphones | watch |

# IF YOU DON'T BELIEVE IT, LOOK IT UP!

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE  [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| JAMES WHITE | James White | 2-26-20 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| JAMES WHITE | James White | AI3074 | 2-26-20 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

## PROOF OF SERVICE BY MAIL

I hereby declare that on **4-19-22** I filed the following document(s) with the Clerk of the Court by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid in the United States mail at California Men's Colony State prison:

(1) *FIRST AMENDED COMPLAINT*

(2) _____

I have caused to be mailed the above document(s) to the following party(ies) and addressed as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET ROOM 180
LOS ANGELES CA 90012

SECRETARY OF OPERATIONS KATHLEEN ALLISON
DIVISION OF ADULT INSTITUTIONS
CDCR P.O. BOX 942883
SACRAMENTO CA 942883

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on the date of **4-19-22**, at San Luis Obispo, California.

_JAMES WHITE_
Petitioner's Name

_James White_
Petitioner's Signature

California Men's Colony – EAST
CDCR # **AT5074** / Cell: **C 6333**
P.O. Box 8101
San Luis Obispo, CA 93409-8101

**Prison Mailbox Rule:**
   Under the "Prison Mailbox Rule" a prisoner's legal document is deemed filed, for statute of limitation purposes, when he hands it over to prison authorities for mailing. [*Houston v. Lack* (1988) 487 U.S. 266, 274; *Huizar v. Carey* (9th Cir. 2001) 273 F.3d 1220, 1222.] The mailbox rule applies to prisoners filing in both federal and state courts. [*Huizar*, 273 F.3d at p. 1223.]

CALIFORNIA MEN'S COLONY STATE PRISON
P.O. BOX 8101
SAN LUIS OBISPO, CA 93409-8101

Name: MR. WHITE

CDCR # AT5074  Cell # C6333

**STATE PRISON**
**GENERATED MAIL**



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET Rm 180
LOS ANGELES, CA 90012

DFM

RECEIVED
CLERK, U.S. DISTRICT COURT
APR 27 2022
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

RECEIVED
CLERK, U.S. DISTRICT
APR 29 2022
CENTRAL DISTRICT OF
SOUTHERN DIVISION

c/o  M. MACALMA
4/19/22