James White A15074
6333 C-4 CMC-East
P.O. Box 8101
San Luis Obispo Calif 93409



FILED
CLERK, U.S. DISTRICT COURT

11/28/2022

CENTRAL DISTRICT OF CALIFORNIA
BY:     M.B.     DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JAMES WHITE,
     Plaintiff,

     vs.

JOSIE GASTELO, et al.,
     Defendants.

)
)
)
)
)
)
)
)
)
)

No# CV 21-02351 GW (DFM)
1983 CIVIL RIGHTS COMPLAINT
SECOND AMENDED COMPLAINT
WITH ATTACHED EXHIBITS

    The plaintiff James White a California state prisoner at the California Mens Colony east in San Luis Obispo California, alleges the following civil rights violation occurred with the identified named defendants who were principal state actors failed to follow procedures an policies clearly established in the California Rules and Regulation Title 15 governing operation of its prisons.

    The plaintiff clearly states all defendants named are sued in their individual capacity for failure to follow procedures and policies attached to plaintiff's due process during the investigation and disciplinary hearing. Plaintiff stressfully contend defendants are liable for the misconduct alleged and violated his rights "deliberate indifference," "cruel and unusual punishment," deprivation of basic rights, and violation of federal and state laws.

1.

1258 P.C.

## STATEMENT OF FACTS

The plaintiff alleges the origin of the civil rights violation was initiated during a routine search of the plaintiff's cell.

On 12/24/19; defendant C/O Urias discovered a electronic charging device **alleged** (or) component to a **to a cell phone device** defendant C/O Urias discovery of the **falsely alleged contraband** where it was obvious, **alleged** he had found some form of contraband, defendant C/O Urias put the **alleged** electronic device in his pocket and walked to the facility program office to report it to the program Sergeant defendant T Lloyd
The plaintiff alleges the civil rights violation occurred when defendant C/O Urias put the contraband in his pocket and left the natural area of discovery per procedures and policies of the Title 15, **chain of custody,** **failing to "reasonablly examine falsif[ied] documented device."**
The plaintiff alleges a civil rights violation was initiated during a **targeted search of plaintiff's cell under the guise of routine.**

On 12/24/19; defendant C/O Cortez accompanied defendant C/O Urias security purposes, upon being informed of the discovery of contraband ordered the plaintiff to face the wall conducted a routine pat-down and placed the plaintiff in hand-cuffs which were secured tightly upon the plaintiff's wrist, escorted to the facility office and placed in a **cage** **still** **cuffed for** **hours subjecting plaintiff to cruel and unusual punishment.**

The alleged civil rights violation attached to defendant C/O Cortez is based on failure to remove the hand-cuffs once plaintiff was placed in the cage and where the duration of time exceeded two hours of being hand **cuffed in a cage [for hours] when no penological threat existed,** **causing (both) wrist and hand injuries suffered by plaintiff.**

2.

On 12/24/19; defendant Sergeant Lloyd failed to file a supplemental brief related to the contraband reported by defendant C/O Urias, in acrdance to due process defendant Sergeant Lloyd was ethically responsible to file a report containing a version of how the **falsely alleged contraband "prematurely"** **"breaching procedure" "abandonding evidence preservation" came to the Sergeant.**

On 2/2/20; defendant Lieutenant Scheiffele the disciplinary hearing officer denied the plaintiff basic due process consideration based on truth an honesty; (please see exhibit (a)), "plaintiff's comment," The Fasely alleged contrabend in question, is the gross product of distorted falsified documents that conflict with [reasonable] policy, that, has resulted in the deprivaion of Plaintiff's constitutional rights... under the Code of Silence... supported the (SHO) Senior Hearing Officer's failure to afford plaintiff neither an inves- tigating employee or staff assistance to marshal a [reasonable] defense. 1/ The defendant Lt. Scheiffele denied the plaintiff his first amendment right freedom of speech in the form of questions posed to defendant C/O Urias with the intent to determine the truth within the fact finding process a clear visual of exhibit (a) the photo was not taken inside a cell or natural location, nor was the oniment box identified in the photo; due process attached with the chain of custody applies, the disciplinary hearing process was a deliberate sham. 2/

The plaintiff identifies defendant Josie Gastelo and defendant Howard Moseley as principal state actors; (meaning) defendant Josie Gastelo was duly informed by another agency that the component was not a cellphone device,

1. Plaintiff (Mr. White) has a documented Grade Point Level at 01.7.

2. Here, the correctional officer who allegedly discovered falsely reported contraband cell phone device 'clearly' made a procedural error by not photographing the phone in its "natural" location. Wolf v. McDonnell (1974) 418 U.S. 539, 555.

12   Plaintiff has a table score of 01 7  This mandates assistance  On 1/6/2020  plaintiff was erroneously assigned a staff assistant  C/O Monteiro  whom the plaintiff refused pursuant to a conflict of interest

13  On 2/2/2020  Plaintiff was summoned to disciplinary hearing with D Scheiffele SHO whom _had_ a predetermined GUILT finding and unprofessional RVR Hearing Review omitting plaintiff s fact finding questions and denial of due process  as such "_refusing_" relevant questions such as  (1) did Officer Urias follow evidence procedure(s) for wireless communication devices  (2) Officer Urias  according to policy and procedure  wireless communication device(s)  shall be photographed prior to removing the device(s) form the area  (3) Officer Urias did you or did you not take the proper evidence procedure for wireless communication devices, (4) Officer Urias  did you send the alleged cell phone device to ISU or a lab, and (5) Officer Urias do you have a report from ISU or a lab? Plaintiff reports all these questions and more were "_unlawfully_" determined to be irrelevant byt the SHO (D Scheiffele) stating the evidence procedure was documented in the RVR  A clear hearing procedure violation

14  The defendants (S  Silva  J  Curry and D  McAllister) conspired to impede plaintiff s complaint reprots reporting SHO (Scheiffel) illegal RVR hearing  that suppressed _factual_ evidence without merit  including plaintiff not being assigned an IE as outlined within 15 CCR § 3315(d) and reports of due process right violations  (See  Appeal  Log  No# CMC E 20 00435)  Never conducting a minimal [un]bias investigation

15  The defendant (T Lloyd) injunction with other agents also decided to promote a cover up even after the officer of Internal Affairs alerted (Frm ) Warden Josie Gastelo  pursuant to possible defects in the evidence that there was a policy or custom that led to violations of (Mr  White) plaintiff s rights

16  Plaintiff further reports filing contemporaneous grievances  (via US mail  Log No 5896 Log No 14302 and Case No 38462) reporting multiple acts of retaliation involving several prominent staff members following plaintiffs complaint report against C/O Urias and C/O Cortez violating state and federal laws by falsifying (RVR Log No 694995) state documents

17  Defendant Josie Gastelo "Repeatedly" failed to reasonably examine falsifying documents of cell phone devices  covering up the truth following being notified of defects in the evidence that led to violation of plaintiff s rights

18  defendant Howard Moseley and other _agents_, colleagues have acted together in concert "unlawfully screening out complaints" to cause damages to plaintiff by their unprofessionalism, abuse of authority and bias decisions (screening rejections stating Time Expired response form the Office of Appeals processing procedure  Plaintiff is further informed and believes that each defendant within appeals office had actual constructive knowledge of knew or should have known under their charge plaintiff had a constitutional right to the establish grievance prison appeals process

19  Plaintiff is further informed and believes and therefore alleges that each named defendant by way of policy  custom or code had a practice of eliberate indifference to the rights of prisoners who complained of staff mistreatment through harassment on the basis of their race  religious belief utilization of the grievance procedures  civil litigation into the complaints made by a prisoner against staff  Plaintiff suffered from

defendants actions which were wanton and without penological justification Their acts were done intentionally in violation of. or with deliberate or reckless indifference to plaintiff and his family, which also suffered due to the violation of plaintiff s constitutional rights Plaintiff alleged that the disciplinary hearing there was no reliable evidence to support the "predetermined" guilt finding and plaintiff was not afforded any reasonable opportunity to defend himself from the [false] charges and the (excessive) punishment of defendants Plaintiff s due process rights were "grossly" violated and suffered without any [reasonable unbias] procedural protection by being denied factual evidence reported alleged cell phone device was falsely documented within RVR subjecting plain'iff to "illegal" loss of priviledges and other retaliatory acts , which were not within that category of punishment covered by Wolf's protections

20  At all times mentioned herein each of the above defendants were employee s servants and/or agents of the Department of Corrections and were at all times mentioned herein acting wi'h the course and scope of that employment relationship under the color of state law

### FIRST CAUSE OF ACTION
### VIOLATION OF FIRST AMENDMENT

21  Plaintiff realleges and incorporate by reference herein each and every allegation set forth in paragraph 1 through 18 above

22  The unjustified and penologically unnecessary punishment of plaintiff and which affected his family on December 24th 2019 violated his rights under the 14th Amendment and under the Eighth Amendment to the United States Constitution in that it constituted cruel and unusual punishment due tot he "repeated" failure of prison disciplinary committee to fully investigate alleged incident of misconduct by plaintiff which violated his due process to hereby 42 USC § 1983 where such action contravened established correctional regulations

### SECOND CAUSE OF ACTION
### DELIBERATE INDIFFERENCE TO PLAINTIFF S FIRST
### AMENDMENT RIGHT TO PURSUE REDRESS THROUGH THE PRISON APPEAL PROCESS

23  Defendant Josie Gastelo violated plaintiff s First Amendment right to pursue redress from harassment and reprisal on the basis of plaintiff's race religious belief or utilization of grievance procedures and civil litigation and from his various acts of retaliation by labling plaintiff as a "THREAT TO PROGRAM SAFETY" in order to expose plaintiff to emotional or physical harm form other agents thus deliberate indifference to plaintiff s safety and health after being contacted by Internal Affairs Office with concerns

### THIRD CAUSE OF ACTION
### DELIBERATE INDIFFERENCE TO PLAINTIFF S AMENDMENT
### RIGHT TO PURSUE REDRESS THROUGH THE PRISON APPEAL PROCESS

24  Plaintiff realleges and incorporates by reference herein and every allegation set forth in paragraph 1 through 18 above

25  Defendants Appeals Office continually violated plaintiff s First Amendment right to pursue redress through prison appeal process without machinations misrepresentation or intimidation in that with deliberate indifference to plaintiff s safety and health and they knowingly exposed

plaintiff to physical harm  emotional trauma  or harm at the hands of other agents by ignoring plaintiff s claims that defendants Cortez and Urias falsified documents reported and also caused injury to the plaintiff by placing in in restraints that were excessively tight without justification provocation  threats of violence  or penological interest

PRAYER FOR RELIEF

26  wherefore  plaintiff prays for relief as follows

1  That plaintiff is granted compensatory damages in the amount herein stated  each defendant according to proof          $1,200,000 00

3  That the plaintiff be granted injunctive relief from further actions by defendants for taking civil action and that plaintiff classification record be corrected and first action be vacated  and reassigned plaintiff

4  That the plaintiff be granted this action or additional cause of actions  claims for relief  and to add other defendants  whom may act as agents for reasons of reprisal against plaintiff  and grant counsel or student aide  and

That the plaintiff is further granted shortness of time to bring this case to jury for trial according to proof

5  For the cost and reasonable attorney fees paid by the defendants pursuant to 42 USC section 1988

6  for such further relief as the court deems proper

Dated  November 10, 2022

James White
Mr  James White
Plaintiff/In Pro Per

ON-BEHALF OF JAMES WHITE
BY AND THROUGH
        JESSE T  MOTEN
        NEXT / FRIEND

James White AI5074
6333 C-Q CMC-East
P.O. Box 8101

San Luis Obispo Calif 93409

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JAMES WHITE                    )
     Plaintiff,              )
                   )
     vs.                     )
                   )
JOSIE GASTELO, et al.,         )
     Defendants.             )
                   )

No# CV 21-02351 GW (DFM)
DECLARATION ATTACHED TO
1933 CIVIL RIGHTS COMPLAINT
JAMES WHITE

The declarant James White duly deposes the following statement to be true and correct concerning matters mentioned.

The declarant is a state prisoner, and at the time was housed at CMC-east California Men's Colony east, San Luis Obispo .

On 12/24/19; a cell was searched  that declarant was assigned to.

The declarant provides photo copy of the contraband at issue, a visual inspection is clear it is not a wireless/cellphone component.

**The alleged rules violation report has been falsely documented and further reviewed under due process violations and unprofessional norms.**

I.

The declarant received a disciplinary report and found guilty of possessing a cellphone component which is blatantly not true.

The declarant can not be subjected to the denial of due process or equal protection of law based on failure to cooperate or provide information on the introduction of such contraband.

The declarant clearly identifies the fact finding process failed to be adequate, (1) fact was not cell phone device; (2) failure to be truthful in the course of the fact finding process, (3) professional ethics of the named defendants attached to truth and honesty and the oath as a peace officer, or staff for California depart of corrections.

Therefore james White the declarant in the matter declares the aforementioned is true and correct un the penalty of perjury supported by records submitted.

executed at CMC-east on   11/10/2022

II.

 

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: California Men's Colony | Facility: CMC-Facility C | Log Number: 000000006549355 |
| Inmate Name: WHITE, JAMES E. | CDC #: AI5074 | Bed Number: CMC-C - C 026 1 - 1590010 |
| TABE Score: 01.7 | MH LOC: CCCMS | DDP Status: NCF |

### DUE PROCESS

Rule Violation #: 3006(c)
Specific Act: Possession of a cellular telephone component

Level: Serious
Offense Division: Division F

Offense Occurrence: 1st Occurrence

Violation Date: 12/24/2019
Violation Time: 10:30:00

Hearing Date: 02/03/2020
Hearing Time: 11:05:00

Did administrator confirm the level can be raised positive for Controlled substance? [YES]

Arriving Inmate

| Date | Time | Type/Reason | Staff | Elapsed Days |
|---|---|---|---|---|
| 01/01/2020 | 12:27:59 | RVR Ready for Review by Supv. | G. Urias | 8 |
| 01/03/2020 | 08:40:34 | RVR Approved by Supervisor | T. Lloyd | 10 |
| 01/05/2020 | 12:59:42 | RVR Classified | J. Curry | 12 |
| 01/06/2020 | 09:47:22 | Notice of Pending Charges Sent to Reds. | M. Monteiro | 13 |
| 01/06/2020 | 10:03:30 | SA Assigned | M. Monteiro | 13 |
| 01/06/2020 | 10:04:12 | SA Inmate Interaction | M. Monteiro | 13 |
| 01/06/2020 | 10:04:49 | Inmate Copy Served Initial Rules Violation Report | M. Monteiro | 13 |
| 01/06/2020 | 10:05:12 | Inmate Copy Served Photograph(s) | M. Monteiro | 13 |
| 01/06/2020 | 10:05:36 | SA Refused by Inmate | M. Monteiro | 13 |
| 01/09/2020 | 08:00:00 | SA Assigned | M. Monteiro | 16 |
| 01/10/2020 | 09:00:00 | SA Inmate Interaction | L. Dominguez | 17 |
| 02/01/2020 | 10:40:00 | SA Unassigned | K. Sawdey | 39 |

| 02/01/2020 | 10:45:00 | SA Assigned | N. Canisalez | 39 |
| 02/01/2020 | 10:46:00 | SA Inmate Interaction | D. Rouse | 39 |

All Time Constraints Met?:  Yes          SHO/HO DDP Certified?: [Yes]

Due Process Additional Information:

## HEARING

☐ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.

☐ Subject was Present, in good health and ready to proceed.

Hearing Additional Information

## DISABILITY

☐ Hearing  ☐ Vision  ☐ Mobility  ☐ Learning  ☐ Developmental/Cognitive
☐ Other  ☑ None

Requires Accommodation? [No]

### DDP Specific Information

128-C2 Reviewed? [Yes]                    Current DDP Status Date: 09/02/2011

Did the Reporting Employee document the use of Adaptation Support(s)? [No]

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | | | |

Disability Additional Information:

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:  N/A

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:  N/A

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate

documentation: N/A

Clinical Staff determined Mental Health Symptoms contributed to behavior: N/A

Clinical Staff determined Developmental Disability contributed to behavior: N/A

Clinical Staff provided information when assessing the penalties: N/A

## STAFF ASSISTANT

Staff Assistant Assigned: Yes

Reason for assignment of Staff Assistant: TABE Score 4.0 or below,TABE Score 4.0 or below,MH LOC EOP or higher

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? |
|---------|---------------|------------|---------------------------------|----------|
| D. Rouse | 02/01/2020 | Yes | Yes | Yes |

Staff Assistant Additional Information:

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

Investigative Employee Additional Information:

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential |
|---|---|---|---|---|---|
| | | | | | ☑ Information which, if known to inmates, would endanger the safety of person(s). ☑ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. |

☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file.

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true.<br>☑ Other confidential sources have independently provided the same information.<br>☐ The information provided by the confidential source is self-incriminating.<br>☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources.<br>☐ The confidential source is the victim.<br>☐ This source successfully completed a polygraph examination. |

Confidential Additional Information:

## WITNESSES

Witnesses requested at Hearing

☑ Reporting Employee  ☐ Staff Assistant  ☐ Investigative Employee
☐ Other  ☐ Inmate  ☐ None

| Non-Inmate Witness(es) | | | |
|---|---|---|---|
| Name | Rank | Type | Granted? |
| G. Urias | Correctional Officer | Reporting Employee | Yes |

### Questions Asked

The SHO noted that WHITE did request the presence of the Reporting Employee, Correctional Officer G. Urias, as a witness at his hearing. The SHO granted the request for Officer Urias, who was present and instructed WHITE that he has to present his questions to the SHO. The SHO would in turn weigh the relativity of the questions and then, if deemed appropriate, ask the questions of the witness. In accordance with CCR 3315(e)(5), WHITE submitted seventeen (17) written questions to the SHO. The SHO screened the questions and found nine (9) relevant to the violation charged.

The SHO asked the following relevant questions (?) on behalf of WHITE, which were answered by Officer Urias as follows:

Q1: "On December 24th Officer Urias you stated in your RVR at approximately x 10:30 am you was conducting a random cell search of Cell 6159 solely assigned to Mr. White correct?"
A1: The SHO determined this question was answered in the body of the RVR as such it is deemed irrelevant.

Q2: "Officer Urias on December 24th at approximately 10:00 am Bx! 6 conducted a 10 minute in the is that correct?"
A2: "Yes."

Q3: "Officer Urias on December 24th during that 10:00 am in line did Mr. White approach you at the 1st tier podium and ask you why his cell 6159 was keyed with his legal material strewn across the cell floor is that correct?"
A3: "You were advised your cell was still being searched." ***SHO NOTE: As WHITE's question contained information regarding alleged Staff Misconduct, the SHO advised WHITE of the Staff Complaint Process and that any complaints against Staff required that he fill out a CDC Form 602 Inmate/Parolee Appeal.

Q4: "Officer Urias did you or did you not state to Mr. White you was not finish searching his cell?"
A4: "Yes, it wasn't finalized."

Q5: "Officer Urias at that point did Mr. White state to you that according to Title 15 3287(3) inmates should be permitted to observe the search is that correct?"
A5: "I didn't feel comfortable with you watching during the search, and as this was a routine (random) search and not a special search your presence was not required per the rule."

Q6: "Officer Urias at this point did you or did you not summons Officer Comez to assist you is that correct?"
A6: "I did."

Q7: "Officer Urias did you and Officer Comez state to Mr. White that he could not observe the search and if cell denial that was not a part of the Rules or Policy and told Mr. White to cuff up and was searching Mr. White cell is that correct?"
A7: "Due to your propensity to become agitated and hateful, and your history of disobeying orders, additional staff was requested to escort you from the building."

Q8: "Officer Urias did you or did you not take the proper evidence procedure for wireless communication devices?"
A8: The SHO determined the question was irrelevant as the procedure was documented in RVR.

Q9: "Officer Urias according to Policy and Procedure the wireless communication device(s) shall be photographed prior to removing the device(s) from the area. At least one picture 'Natural' and one utilizing a measuring device shall be taken. Did you follow these procedures?"
A9: The SHO determined the question was irrelevant as the procedure was documented in RVR and WHITE was provided with a copy of the photographic evidence.

Q10: "Officer Urias when a wireless communication device(s) is discovered, either in the possession of an inmate or in a uncontrolled area, the employee discovering the wireless communication device (s) will personally turn over the wireless communication devices(s) to Investigative Services Unit (ISU) Staff. Officer Urias was these procedures followed?"
A10: The SHO determined the question was irrelevant as the evidence procedure was documented in RVR.

Q11: "Officer Urias how did you determine the alleged device is a cellular phone component?"
A11: "The reviewing official determined the device was a cellular telephone component."

Q12: "Officer Urias did you send the alleged cell phone device to ISU or a lab?"
A12: The SHO determined the question was irrelevant as the evidence procedure was documented in RVR.

Q13: "Officer Urias do you have a report from ISU or a lab?"
A13: The SHO determined the question was irrelevant as the evidence procedure was documented in RVR.

Q14: "Officer Urias in your RVR Report Number 6949965 you state inmate WHITE violated Rule Number 3006(c) is that correct?"
A14: "Yes."

Q15: "Officer Urias as of to date has this device or alleged telephone component you stated in your report violate any part of Title 15 3006(20) Contraband any cellular telephone component or wireless communication device accessory and/or component including, but not limited to a 'Subscriber Identity' module (SIM Card), memory storage device, cellular phone battery, wireless or wireless headset, an cellular phone charger?"
A15: "Yes, as indicated previously the reviewing official determined the device was a cellular-

telephone component."
Q16: "Officer Urias does that component you stated you found in Mr. WHITE Cell 6159 "meet" any of the criteria's to be classified as a cellular phone component?"
A16: The SHO determined the question was irrelevant as it is asked and answered in Question 11 above and thus deemed redundant.
Q17: "Officer Urias are you or are you not aware that fabricating a RVR is considered a false report?"
A17: The SHO determined the question was irrelevant to the charge and as WHITE was alleging Staff Misconduct, he was advised of the Staff Complaint Process and that any complaints against Staff required that he fill-out a CDC Form 602 Inmate/Parolee Appeal.

WHITE had no further questions for Officer Urias.
The SHO had no questions for Officer Urias and he was excused from the hearing.

## Inmate Witness(es)

| CDC# | Name | Bed | Granted? |
|------|------|-----|----------|
| | | | |

Questions Asked

Witness Additional Information:

## PLEA AND STATEMENT

PLEA/STATEMENT: The above circumstances were read aloud to subject and elected to plea: [Not Guilty]

☐ Subject declined to make a statement
☑ Subject made a statement

Comments:

"I would like to have ISU test the charger to determine if it is a cell phone charger."

The SHO notes WHITE presented a written question to the SHO as follows:

"First an foremost this hearing is a violation of my due process right due to the fact that I requested a I.E. an none was provided as requested to assist me with contacting the necessary people to determine this alleged device to be a cell phone component."

As the SHO could not determine what WHITE was asking, the above was determined to be a statement.

Furthermore, based on the questions (Q) presented by WHITE to the Reporting Employee, coupled with the above-noted statement, the SHO asked the following question (Q) to WHITE:

Q1: "If the device discovered in your Cell 6159, which was solely occupied by you wasn't a cellular telephone component, what was it?
A1: WHITE declined to answer the question.

The SHO had no further questions.

## FINDINGS

Subject was found: [Guilty as Charged] based on a preponderance of evidence.

Lesser Included Charge:

Level:                              Offense Division:

Offense Occurrence:

**Comments:**

Inmates may not possess or have under their control or constructive possess any cellular telephone or wireless communication device accessory, and/or component including, but not limited to, a subscriber identity module (SIM card), memory storage device, cellular phone battery, wired or wireless headset, and cellular phone charger. Possession means it was found on the inmate's person, within the inmate's area of responsibility, or evidence shows that defendant retained constructive possession. In the instant case, the SHO reviewed the RVR wherein the Reporting Employee documents WHITE's possession of a Cellular Telephone Component, as it was discovered in his area of responsibility (assigned cell), and as such, the SHO determined the finding of guilty for "Possession of a Cellular Telephone Component" is appropriate

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

The SHO has noted there was no Mental Health Assessment (CDCR 115-MH-A) submitted by Clinical Staff for consideration.

## EVIDENCE

The following evidence was used to support the findings:

**Comments:**

A. Rules Violation Report authored by Correctional Officer G. Urias, in which he documented, on December 29th 2018, at approximately 1030 hours, Officer Urias was conducting a random cell search of cell 6159 solely assigned to WHITE (A15074). During the search of his cell he came across a brown bottle on the writing desk. Officer Urias secured one contraband cellular telephone battery along with a cord used in its search, which resulted in negative results for additional related contraband. Upon completion of the cell search, Officer Urias completed a cell search receipt documenting the aforementioned contraband, secured cell 6159 and transported the cellular telephone charging device component to the Facility C Program Office.

B. PHOTOGRAPHIC EVIDENCE:
Photo depicting the Cellular Telephone Component on an Evidence Placard with WHITE's name and CDCR number.

C. Testimony by WHITE during the hearing. The SHO asked the following question (Q) to WHITE:

Q1: "If the device discovered in your Cell 6159, which was solely occupied by you wasn't a cellular telephone component, what was it?"
A1: WHITE declined to answer the question.

The SHO determined that WHITE was afforded an opportunity to provide a reasonable explanation for possession of the electronic component and to its use and function. The SHO determined WHITE failed to provide an adequate response in his defense.

D. Testimony of the Reporting Employee, Correctional Officer G. Urias to the SHO at the time of the hearing. When Officer Urias was asked, "Officer Urias how did you determine the alleged device is a cellular phone component?" Officer Urias stated, "The reviewing official determined the device was a cellular telephone component." Officer Urias was asked, "Officer Urias in your RVR Report Number 6949965 you state inmate WHITE violated Rule Number 3006(c) is that correct?" Officer Urias stated, "Yes." Officer Urias was asked, "Officer Urias as of to date has this device or alleged telephone component you stated in your report violate any part of Title 15 3006(20) Contraband any cellular telephone component or wireless communication device accessory and/or component including, but not limited to a "Subscriber Identity" module (SIM Card), memory storage device, cellular phone battery, wireless or wireless headset, an cellular phone charger?" Officer Urias stated, "Yes, as indicated previously the reviewing official determined the device was a cellular telephone component."

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 02/02/2020 | 03/03/2020 |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |

| Trust Account Hold | | | | | | |
|---|---|---|---|---|---|---|
| Mandatory Drug Testing | | | | | | |
| IEX Control Suit | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☑ Impose Suspended Sanctions                    ☑ Reinstate Suspended Sanctions

Sanction Mitigation Additional Information:

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

Although WHITE is currently a participant in the MHSDS at the CCCMS level of care, there are no mental health factors to take into consideration.

Comments:

The SHO notes one (1) year Loss of Family (Overnight) Visiting Privileges per CCR 3315(f)(5)(O), beginning February 3, 2020, through and ending February 2, 2021, has been assessed and itemized, the SHO.

Referred to Classification Committee: N/A

For ☑ Short Term Assessment ☑ Program Review ☑ Job Reassignment ☑ Substance Abuse Treatment

Disposition Additional Information:

## ENEMY CONCERNS

○ Not Applicable
○ Subject states he/she does not have Enemy or Safety Concerns.
○ One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:
○ Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?: No

Security Threat Group Nexus Additional Information:

## FINAL SECTION

Additional Information:
The confiscated evidence item(s) used in this case was retained in the program office evidence pending review by the CDO and outcome of the appeal process.

## CREDIT RESTORATION

CDCR SOMS ISST126 - CDC NUMBER:  AIS074 NAME: WHITE, JAMES B.                    Page 9 of 11

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

**Hearing Official**

| D. Scheffele | | |
|---|---|---|
| | TITLE: Lieutenant | DATE: 02/20/2020 |

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:              CDO Summary: Affirming The Hearing Results

Comments:

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☐ | ☑ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 02/02/2020 | 03/03/2020 |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |

| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

Comments:

**Chief Disciplinary Officer**

Comments:

D. McAllister

TITLE:          DATE:
CDO            02/20/2020

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

# EXHIBIT COVER PAGE



EXHIBIT

Description of Exhibit _____

_____

_____

_____

_____

_____

Number of pages to this Exhibit: __*3*__ pages.

JURISICTION: (Mark only one)

___ Municipal Court
___ Superior Court
___ State Supreme Court
___ United States District Court
___ State Circuit Court
___ United States Supreme Court
___ Grand Jury




# EVIDENCE PHOTOGRAPH

## CALIFORNIA MEN'S COLONY
### CENTRAL OPERATIONS

| DATE | 12/24/2019 | TIME | 1030 |
|------|-----------|------|------|
| NAME | WHITE, JAMES | CDCR# | A15074 |
| NAME | N/A | CDCR# | N/A |

### POSSESSION OF A CELLULAR TELEPHONE COMPONENT

## PHOTO TAKEN BY: C/O G. URIAS









State of California
County of San Luis Obispo

## Proof of Service by Mail

I hereby declare that on ___11-14-22___ I filed the following document(s) with the Clerk of the court by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid in the United States mail at California Men's Colony State prison:

(1) _NOTICE OF MOTION FOR LEAVE TO ACT AFTER EXPIRATION OF TIME_

(2) _____

I have caused to be mailed the above document(s) to the following party(ies) and addressed as follows:

UNITED STATE DISTRICT COURT          _____
CENTRAL DISTRICT OF CALIFORNIA       _____
OFFICE OF THE CLERK                  _____
255 EAST TEMPLE STREET ROOM 180      _____
LOS ANGELES CALIFORNIA 90012         _____

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on the date of _11-14-22_, at San Luis Obispo, California.

_James White_
Petitioner's name

_James White_
Petitioner's Signatures

California Men's Colony
CDCR #_AI5074_ /Cell: _6333_
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Prison Mailbox Rules
    Under the "Prison Mailbox Rule" a prisoner's legal document is deemed failed, for statute of limitation purposes. When he/she hands it over to prison authorities for mailing. [Houston v. Lack(1988) 487 U.S. 266,274, Huizor v. Carey (9th Cir. 2001) 273 F.3d 1220,1222.] The mailbox rule applies to prisoners filing in both federal and state courts[ Hulzar, 273 F.3d at p. 1223.]