PEDRO WHITE SR.
C.H.C.F. / PWC-A-203
P.O. BOX 213040
STOCKTON, CALIF. 95213
CDCR. NO. AI5074

IN PROPRIA PERSONA:

FILED
CLERK, U.S. DISTRICT COURT

JUN 3 0 2023

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PEDRO WHITE SR.            , )
PLAINTIFF,                   )
                             )
     V.                      )
                             )
JOSIE GASTELO et al        , )
RESPONDANT,                  )
_____ |

CASE NO. 2:2-cv-02351-GW-DFM

PLAINTIFF'S THIRD AMENDED
COMPLAINT , LIMITED TO
EXCESSIVE FORCE CLAIMS AGAINST
DEFENDANT C/O CORTEZ ).

TO: HONORABLE PRESIDING JUDGE(S),IN THE ABOVE COURT:

PLAINTIFF, PEDRO WHITE SR. ,CDCR.NO.AI5074 , HEREBY SUBMITS THE ABOVE,( THIRD AMENDED COMPLAINT , LIMITED TO EXCESSIVE FORCE AGAIN -ST DEFENDANT C/O CORTEZ).

PLAINTIFF, contends that under the (DUE PROCESS CLAUSE),of the 5th and 14th AMENDMENTS,A Prisoner cannot be found Guilty at a "Disciplinary Hearing if there is not "Some Evidence" to support the finding of guilty.

The only Evidence used to find Plaintiff Guilty of Possession of a "Cell Phone Component",/ Device was a "VAPOR PEN CHARGER",That consisted of only a "FULL SIZE USB CONNECTOR".

Furthermore ,the "VAPOR CHARGER", cannot be used for any other purpose, as it was a Proprietary Connector opposite the "USB PLUG" That is only Compatible with the " VAPOR PEN".

There was no Evidence whatsoever presented that the charger was or could be used for a Cellphone.

(1)

PEDRO WHITE SR.

CDCR.NO. AI5074

Plaintiff, Alleges that C/O URIAS AND C/O CORTEZ,CONDUCTED  A TARGETED,Search of (PLAINTIFF'S),Cell under Guise of rountine .(SEE SAC at2). Plaintiff argues that the Search of the cell was Illegal.

The SAC fails to state a claim because plaintiff, Knows that this was an Act of ( RETALIATION ),under( CCR.TITLE 15,3160). They had Their own Alternative Motives,which were "RACIAL", they don't like "BLACK'S".

Plaintiff,contends that their actions when C/O Urias found an object that He assumed right away that it was a Cellphone Device. He reacted by immediately having C/O Cortez,place me in Handcuffs in a very tight manner,as a matter of fact it was extremely tight.

Plaintiff,respectfully asked C/O Cortez ifShe could please loos- en the handcuff's that they were extremely tight and were cutting into my wrist and affecting my circulation.C/O Cortez ignored me.

C/O Cortez, Proceded to place me in locked caged holding cell in the Facility Program Office.Plaintiff,once again respectfully asked C/O Cortez,ifShe could please remove the handcuff's since im in a locked cage and never gave him anykind of resistance.I had advised Him that the cuffs were cutting into my skin and cutting off my circulation and effecting my nerves.

C/O Cortez,looked at me with a very Disrespectful Demeanor and laughed at me , then walked away "STATING RACIAL SLURS AT ME.SHE STATED THAT'S TUFF YOU STUPID NIGGER".THATS WHAT YOU GET FOR FILIN- G 602'S, AND STAFF COMPLAINTS AGAINST US").Then Had left me there for over (2) Hours Plus, Tightly Handcuffed.

Plaintiff,contends that this was "RACIAL DISCRIMINATION" ALSO SADISTIC MISCONDUCT AND RETALIATION,FOR FILING A COMPLAINT FOR,

(2)

PEDRO WHITE SR.
CDCR.NO. AI5074

EXCESSIVE FORCE AND RACIAL MISCONDUCT". The fact that CDCR./CMC C/O Staff's does not like "BLACK INMATES",and the facts as to what C/O Staff Cortez had stated the"RACIAL SLURS", when she walked away and left me Handcuffed for over (2) Hours plus.

This is a violation of"42 USC § 1981 RACIAL DISCRIMINATION AND MISCONDUCT". (See Johnson V. California 543 US at 506-507,509 ; , Lee V. Washington,390 US 333 : an Serrano V.Francis,345 F.3d 1171, 1082-83(9th cir.2003).

Plaintiff, Hereby declares the above a "NOTICE OF LIABILITY FOR RETALIATORY ACTIONS AGAINST PRISONERS BRINGING LAWSUITS FOR FILING GRIEVANCE AGAINST STATE EMPLOYEES."

Federal decisional Law is abundant regarding claims of retaliatory actions against prisoners by State Employees and other Government Officials,Where the prisoners had filed or threaten to file an Administrative Grievance,Staff Complaint,or Court Action against any prison or State Employee.

Employees can be held liable for injunative actions,or money damages and immediate interventions of the State and Federal Courts.

The Federal Court in Sprau V. Coughlin,(1998) 977 F.Supp.390,Has held that the prisoners conduct in Threatening to file a complaint against a prison Staff was protected by the First Amendment's GUARANTEE OF THE RIGHT TO Petition the Government for the redress of a grievance , Other cases concluded the same view of the court are,RIZZO V. DAWSON, (9thcir.1995)778 F.2d 527;, Bradley v. Hall (9th cir.1995), 64 F.3d 1276; Baker V. Ziochowan,(1990) 741 F.Supp. 436 ;, Lawrence V. Coghlin, (1984) 862 F.Supp. 1090.

PRISONERS EXCERCISING THEIR Constitutional rights can not be in-

(3)

PEDRO WHITE SR.

CDCR.NO. AI5074

- fracted, Retaliated or placed in Administrative Segregation,or

be Transferred for doing so, The Courts has held that any acts aga-

inst an Inmate/ Prisoner, giving the appearance of Retaliation,may

Infer Retaliation and would held the state employee, or any offici-

al liable for damages and injunctive relief.

THEREFORE: This Notice is an advisory against the threats of Re-

taliation, or Retaliation ,or the threat to retaliate against, the

inmate who is pursuing a protective practice under State and U.S.

CONSTITUTION.

Plaintiff,is in compliance to (5) Factors on the"Excessive for-

ce Analysis". (See Bearchild V. Cobban,947 F.3d 1130/1141(9th cir.

2020); Wall V. County of Orange,364 F.3d 1107,1112,(9th cir.2004);

Hudson V. Mc Millian, 503 U.S.1,8-10); Plaintiff suffered signific-

ant pain or Injury as a result this suggests a Constitutional Viol-

ation . (See Palmer V. Sanderson,9 F.3d 1433, 1436 ( 9th cir.1993).

Plaintiff, show more than"de minimis force",applied for no good

faith Law Enforcement purpose. The Court explained, Plaintiff,must

allege sufficient facts about the amount of force applied and the

extent of his Injury.

Prison Guards and Officials must remove the " RESTRAINTS",Once

the threat passes,possing there is no threat . Officials may not

Place Inmates in Restraints for the purpose of Punishment or to

Inflict Pain, for long periods of time.

They can have serious physical Effects such as loss of Blood

Circulation, cramping and loss of Oxygen etc..(See; Gates V. Colli-

er, 501 F.2d 1291,1306 ( 5th cir. 1974) : and Stewart V. Rhodes,

473 F.Supp at 1193).

(4)

PEDRO WHITE SR.
CDCR.NO. AI5074

There's (3) Types of Force (1) Weapons ,The use of Weapons by Prison and Jail Staff and Police is Generally assessed by the same Standards as other uses of force.

( 2 ) Chemical Agents; The use of Chemical Agents too, is Governed by the same standards as other uses of force,It is usually upheld when Prison Staff are attemping to Restore order or subdue Recalcitrant Prisoners or arrestees.The use of Tear Gas or other Chemical Agents has been held unlawful by a number of Courts. It effects the risk of bystanders and poses a risk.

( 3 ) Restraints ; Prison Officials may use Restraints for security purposes, But the Courts have Curbed some Extreme or Abusive Restraints Pratices, for example , In Hope V. Pelzer, 536 U.S.at 736-38 , 745). The Supreme Court,Held that the Alabama Hitching Post,Practice in which Prisoners who were accused of Refusing to work were "Handcuffed for long periods to a Horizonal Bar, Exposed to the Sun and without access to drinking water or Toilets, This Violated the 8th Amendment.

The Courts Emphasized that the Practice was Painful,Humilating, and dangerous and that it was clearly Intended as Punishment for Past Conduct and not to Ensure Safety.

In Hope V. Pelzer, The Courts held that Prison Officials had been "DELIBERATELY INDIFFERENT",to the Risk of Harm, To Prisoners.But it did not say whether all Restraint Cases are supposed to be decided under the "Deliberate Indifference Standards", Infact Courts have taken several different approaches, some have treated Restraints as a Form of use of force and applied ,(Hudson V. McMillian,),Malicious and Sadistic Standards that Governs others.

( 5 )

PEDRO WHITE SR.

CDCR.NO. AI5074

Prisoner use of force claims.Some years ago the <u>Supreme Court</u> held that Liberty from Bodily Restraints always has been recogniz-ed as the core of the Liberty Protected by the "<u>DUE PROCESS CLAUSE</u> from Arbitrary Government Action and that this Interest of Services Criminal Conviction and Incarceration as well as civil commitment.

Some Courts have applied ,The "Youngberg" DUE PROCESS Standard to Prisoners Some have asked whether Incidents or Practices of restraint meet The(<u>Sandin V. Conner</u>), Atpical and Significant Hard-ship Test", and they have come up with different answers.

<u>NOTE:</u>, Since the Courts have not agreed on the right Legal Theory in " <u>Restraint Cases</u>", The best course for a Convict or detainee , may be just to Plead them all"<u>Deliberate Indifference</u>", <u>Malicious</u> <u>and Sadistic Intent Deprivation of the right of Bodily Liberty,and</u> <u>Atypical and Significant Hardship</u>", and Im sure and make my facts very clear, based on Patterns in the way Courts decide Restraint Cases in my Complaint.

The most important Factor appears to be whether there is a Plausible Safety reasons for the Restraints. Courts have Generally upheld the use of Restraints on Segregation or other High-Security Inmates when they are out of their Cells.

<u>NOTE:</u>, The use of Restraints may be Lawful if they are applied in a manner that is Dangerous, Painful, or Injurious,Degradingly Done for a Punitive or Retaliatory Purpose, or Continued for a longer than Safety requires. ( SEE) :

<u>Casaburro V Giuliani, 986 F.Supp.176, 180-81(SDNY1997)</u> Supreme Court itself discribed Restaint as a form of use in <u>Muehler V. Mena, 544 U.S. 93,99 (2005).</u>

( 6 )

PEDRO WHITE SR.

CDCR.NO. AI5074

3).Hanig V. Lee, 415 F.3d 822, 824 (8th cir. 2005)( For the appli-
cation of Handcuffs to amount to Excessive Force, There must be
something beyond minor Injuries).

4). Wall V. County of Orange , 364  F.3d 1107,1112 (9th cir.2004)
It is well established that overly Tight Handcuffing can Con-
stitute Excessive Force).

5). Kopec V. Tate, 361 F.3d 772,777 ( 3rd cir. 2004). Placing Exc-
essively Tight Handcuffs on an Arrestee and needlessly Failed
to loosen them for 10 minutes, resulting in permanent Nerve
Damage , would Violate the 4th Amendment where the officer was
not in a Dangerous Situation .

6). Bastien V. Goddard, 279 F.3d  10,16 ( 1th cir. 2002).
Claim of Lengthy Painful Handcuffing which had Lingering Physi-
cal Effects was Actionable under the 4th Amendment . Plaintiff
need not show"serious " Injury.

7). Davidson V. Flynn, 32 F.3d 27 ,30 ( 2nd cir. 1994) :
Allegations of Injurious Tight Handcuffing done for an Improper
Motive Stated  8th amendment Claim.

8). Johnson V.  City of Ecorse , 137 F.Supp.2nd 886,893 (E,D. MICH.
2001). It is long Established that where the Arrestee Suffers
from Physical  Ailment that makes Handcuffing Especially Pain-
ful and advises the Officer of the Condition before tight Hand-
cuffs Caused the Arrestee Injury, There is a clearly Establish-
ed right to"Free of Excessively Tight Handcuffs".

Plaintiff, Hereby,Request to Reistate and Remand all Parties
that were Dropped on the above Claim. The purpose to Reinstate is
based on the Facts that All were Erroneous an Impermissiblely Drop-
ped. All Parties must be held Equally Accountable and Liable, based
on their Involvements.

( 7 )

PEDRO WHITE SR.
CDCR.NO.AI5074

And Knowledge Pursuant to "Excessive Force",Allegations.

Plaintiff,Contends that Adequate Exhibited Documents were Submitted in Support, Pursuant to"Alleged Sufficient Facts", Regarding All"Parties Illegal and Erroneous Equal Involvements "). Plaintiff was a Victim of all Parties Wrongful Injustice in which the Courts allowed all Parties to Deprive , Plaintiff's His Rights to DUE PROCESS OF LAW, AND CLAUSE", Plaintiff is entitled to His Rights to Present all "Exhibited Documents", That had to be overlooked in Order to Support His Facts were all Justifiablely Valid and may Change the whole Course of this Claim in Favor of allegations , Setfourth.

Plaintiff, Contends that a Prison Official Acts with "DELIBERATE INDIFFERENCE", If He or She knows of and Disregards an inhumane , Condition or action that constitutes Excessive Risk to Inmate health or Safety. A Prison Official's Knowledge can be proved by showing that He or She had Actual Notice of the Problem or by showing that the problem or Risk was obvious . A prison Official " Would not , Escape Liability if the Evidence Showed that he merely Refused to Verify underlying Facts that he strongly suspected to be true, or declined to confirm Inferences of Risk that he Strongly Suspected to Exist.

The need to Establish "DELIBERATE IDIFFERENCE" IN ORDER TO SHOW CRUEL AND UNUSUAL PUNISHMENT CLAIM IS ONE REASON WHY IT IS IMPORTANT FOR PRISONERS TO MAKE WRITTEN COMPLAINTS TO PRISON OFFICIALS WHENEVER SERIOUS CONDITIONS PROBLEMS OCCUR."

( 8 )

PEDRO WHITE SR.
CDCR.NO. AI5074

Plaintiff, is Further Informed and believes and therefore alleges that each named Party by way of Policy Custom or Code had , a Practice of " Deliberate Idifference" to the rights of Prisoners , Who Complained of Staff Mistreatment through Harassment on the basis of Their Race, Religious Belief Utilzation of Grievances Procedures,Civil Litigations into the Complaints made by a Prisoner Against Staff from defendants actions which were " WANTON" AND WITHOUT PENOLOGICAL JUSTIFICATION "). Their acts were done Intenti- onally and  in Violation of or with "-Deliberate or Reckless Indiff- erence to Plaintiff's Constitutional Rights.

Plaintiff,Contends that in Reference  to a Motion Request  for Reconsideration, To follow, Pursuant to"CDCR. / CMC  Warden Josie Gastelo ; Who had"Repeatedly ", Failed to Reasonably Examine also  allowing Falsified  Documents of " Cellphone Devices" Covering up the Truth Following being Notified of Defective Evidence that led to Violayion of Plaintiff's Rights. She Proceded to participate in  Covering up For another Staff ( T.Lloyd) after Internal Affairs Alerted (Gastelo) as to the defects of Device that it was not a cell Phone Device. It turned out to be Vapor Charger,in which all alleg- ations were false and should have been immediately Dismissed.

Gastelo, also allowed LT. Scheiffel Who was the (SHO) that had conducted the (Disciplinary Hearing) Depriving Plaintiff from aski- ng the appropriate questions in accordance to Standards and Proce- dures. Note; were Valid questions that were in the( RVR) Rule Vio- lation Report), Also Deprived Plaintiff of,

( 9 )

PEDRO WHITE SR.

CDCR.NO.  AI5074

1

2    Reqesting  to have ( ISU ) Investigation Security Unit, Test

3    the Device to determine that it was not a Cell Phone Device or

4    Unit. They Refused my Request and found me Guilty of  False

5    Allegations.

6    This Document is in (DHR) Disciplinary Hearing Results  Under

7    (EXHIBITS A-1 - A- 11) ( See EXH. A-5-A-6) LOG NO.6949965

8    Plaintiff,Hereby , submits the following Documents in Support

9    as to the purpose of validating  the Truth and as to how I was bei-

10   ng "Deprived , violated , also Racially Discriminated  and a victim

11   OF Excessive Force, Malicious and sadistic, and Reckless Misconduct.

12   Plaintiff, Contends that(Pages 9 & 10), are "Introduction" Thats

13   Pursuant to the need to present and clarify the Misconduct  that

14   Unnecessarily Violated all my Constitutional Rights.

15

16

17   Plaintiff, respectfully request that the above Honorable Judges

18   in the above Courts, Hereby Grant the " Excessive Force Claim"

19    and Except Motion Request Introduction that follow Shortly.

20

21   I,DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

22

23   DATED: JUNE 22, 2023,                RESPECTFULLY SUBMITTED:

24

25                                        PEDRO WHITE SR. # AI5074

26                                        PWC-A- 203

27

28                        ( 10 )

# EXHIBIT COVER PAGE

| A |
|---|

EXHIBIT

A-1 Tthru A-11

Description of Exhibit DISCIPLINARY HEARING RESULTS (DHR)

EXH. A-1  COVER  PAGE INDICATING ALL BRIEF INFORMATION.

EXH. A-2 - A-4  CONTINUED  CONTEXT

EXH. A-5 - A-6  REFERENCED INFO  THATS PURSUANT TO (PAGES 9 & 10)  ON  ATTACHED COMPLAINT.

EXH. A-7 - A-11  CONTINUED INFO PURSUANT TO ( DHR )

Number of pages to this Exhibit: __11__ pages.

JURISICTION: (Mark only one)

　　　__ Municipal Court
　　　__ Superior Court
　　　__ State Supreme Court
　　　_x_ United States District Court
　　　__ State Circuit Court
　　　__ United States Supreme Court
　　　__ Grand Jury

 CALIFORNIA DEPARTMENT of **Corrections and Rehabilitation**

EXHIBIT A-1
1 OF 11

 0254

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: California Men's Colony | Facility: CMC-Facility C | Log Number: 000000006949965 |
| Inmate Name: WHITE, JAMES E. | CDC #: AI5074 | Bed Number: CMC-C - C 006 1 - 159001U |
| TABE Score: 01.7 | MH LOC: CCCMS | DDP Status: NCF |

### DUE PROCESS

Rule Violation #: 3006(c)   Specific Act: Possession of a cellular telephone component

Level: Serious   Offense Division: Division F

Offense Occurrence: 1st Occurrence

Violation Date: 12/24/2019   Violation Time: 10:30:00

Hearing Date: 02/02/2020   Hearing Time: 11:05:00

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 01/01/2020 | 12:27:39 | RVR Ready for Review by Supv. | G. Urias | 8 |
| 01/03/2020 | 08:40:34 | RVR Approved by Supervisor | T. Lloyd | 10 |
| 01/05/2020 | 12:59:42 | RVR Classified | J. Curry | 12 |
| 01/06/2020 | 09:47:22 | Notice of Pending Charges Sent to Rcds. | M. Monteiro | 13 |
| 01/06/2020 | 10:03:30 | SA Assigned | M. Monteiro | 13 |
| 01/06/2020 | 10:04:12 | SA Inmate Interaction | M. Monteiro | 13 |
| 01/06/2020 | 10:04:48 | Inmate Copy Served Initial Rules Violation Report | M. Monteiro | 13 |
| 01/06/2020 | 10:05:12 | Inmate Copy Served Photograph(s) | M. Monteiro | 13 |
| 01/06/2020 | 10:05:36 | SA Refused by Inmate | M. Monteiro | 13 |
| 01/09/2020 | 08:00:00 | SA Assigned | M. Monteiro | 16 |
| 01/10/2020 | 09:00:00 | SA Inmate Interaction | L. Dominguez | 17 |
| 02/01/2020 | 10:40:00 | SA Unassigned | K. Sawdey | 39 |

| 02/01/2020 | 10:45:00 | SA Assigned | N. Canisalez | 39 |
| 02/01/2020 | 10:46:00 | SA Inmate Interaction | D. Rouse | 39 |

All Time Constraints Met?:  Yes          SHO/HO DDP Certified?: [Yes]

**Due Process Additional Information:**

---

## HEARING

⊙ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.

⦿ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

---

## DISABILITY

☐ Hearing  ☐ Vision  ☐ Mobility  ☐ Learning  ☐ Developmental/Cognitive
☐ Other  ☑ None

Requires Accommodation? [No]

### DDP Specific Information

128-C2 Reviewed? [Yes]                    Current DDP Status Date:
                                          [09/02/2011]

Did the Reporting Employee document the use of Adaptation Support(s)? [No]

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | | | |

**Disability Additional Information:**

---

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:  N/A

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:  N/A

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate

EXHIBIT A-11
11 OF 11

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | | |
| Contact Visiting (Permanent Loss) | | | | | | | | | |
| Trust Account Hold | | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | | |
| IEX Control Suit | | | | | | | | | |

☐ **Impose Suspended Sanctions**          ☐ **Reinstate Suspended Sanctions**

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

D. McAlister

TITLE:          DATE:
CDO              02/20/2020

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, **PEDRO WHITE SR. # AI5074    CASE NO. 2;2-cv-02351-GW-DFM**, declare:

I am over 18 years of age and a party to this action. I am a resident of **C.H.C.F.**

**CALIFORNIA HEALTH CARE FACILITY** Prison,

in the county of **SACRAMENTO**,

State of California. My prison address is: **PWC-A- 203 / P.O. BOX 213040**,

**STOCKTON , CALIF. 95213**.

On **JUNE 22, 2023**,
(DATE)

I served the attached: **PLAINTIFF'S THIRD AMENDED COMPLAINT ,LIMITED TO**

**EXCESSIVE FORCE CLAIMS AGAINST DEFENDANT C/O CORTEZ**
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE COURT CLERK
255 EAST TEMPLE STREET, ROOM 180
LOS ANGELES, CALIF. 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on **JUNE 22, 2023**
(DATE)

_____
(DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)

-9-

:ODMA:PCDOCS:WORDPERFECT:22832:1

Legal Mail

PEDRO WHITE SR A150/9
CHCF. STOCKTON PWC 2034
P.O.Box 32290
STOCKTON CA 95213

United States District Court
Central District of California
Office of the Clerk
255 East Temple Street Rm 180
Los Angeles CA 90012

(DFM)



RECEIVED
CLERK U.S. DISTRICT COURT
JUN 3 0 2023
CENTRAL DISTRICT OF CALIFORNIA
COURT

RECEIVED
CLERK U.S. DISTRICT COURT

06/25/23

98395

EXHIBIT A-3

3 OF 11

documentation: N/A

Clinical Staff determined Mental Health Symptoms contributed to behavior:  N/A

Clinical Staff determined Developmental Disability contributed to behavior:  N/A

Clinical Staff provided information when assessing the penalties:  N/A

## STAFF ASSISTANT

Staff Assistant Assigned: Yes

Reason for assignment of Staff Assistant: TABE Score 4.0 or below;TABE Score 4.0 or below;MH LOC EOP or higher

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---------|---------------|------------|----------------------------------|----------|--|
| D. Rouse | 02/01/2020 | Yes | Yes | Yes | |

**Staff Assistant Additional Information:**

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|------------------------------|--------------------------------|-------------------------------|--------------------|--------------------|-----------------------------------------------|--|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. | |

|  |  |  |  | ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. |
|---|---|---|---|---|

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
|  |  |  |  | ☐ The confidential source has previously provided information which has proved to be true. ☐ Other confidential sources have independently provided the same information. ☐ The information provided by the confidential source is self-incriminating. ☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources. ☐ The confidential source is the victim. ☐ This source successfully completed a polygraph examination. |

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing

☑ Reporting Employee ☐ Staff Assistant ☐ Investigative Employee

☐ Other ☐ Inmate ☐ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| **Name** | **Rank** | **Type** | **Granted?** | |
| G. Urias | Correctional Officer | Reporting Employee | Yes | |

**Questions Asked**

The SHO noted that WHITE did request the presence of the Reporting Employee, Correctional Officer G. Urias, as a witness at his hearing. The SHO granted the request for Officer Urias, who was present and instructed WHITE that he has to present his questions to the SHO. The SHO would in turn weigh the relativity of the questions and then, if deemed appropriate, ask the questions of the witness. In accordance with CCR 3315(e)(5), WHITE submitted seventeen (17) written questions to the SHO. The SHO screened the questions and found nine (9) relevant to the violation charged.

EXHIBIT A-5
5 of 11

The SHO asked the following relevant questions (Q) on behalf of WHITE, which were answered (A) by Officer Urias as follows:

Q1: "On December 24th Officer Urias you stated in your RVR at approximately 10:30 am you was conducting a random cell search of Cell 6159 solely assigned to Mr. White correct?"
A1: The SHO determined this question was answered in the body of the RVR as such it is deemed irrelevant.

Q2: "Officer Urias on December 24th at approximately 10:00 am Bld 6 conducted a 10 minute in line is that correct?"
A2: "Yes."

Q3: "Officer Urias on December 24th during that 10:00 am in line did Mr. White approach you at the 1st tier podium and ask you why his cell 6159 was keyed with his legal material strewn across the cell floor is that correct?"
A3: "You were advised your cell was still being searched." ***SHO NOTE: As WHITE's question contained information regarding alleged Staff Misconduct, the SHO advised WHITE of the Staff Complaint Process and that any complaints against Staff required that he fill-out a CDC Form 602 Inmate/Parolee Appeal.

Q4: "Officer Urias did you or did you not state to Mr. White you was not finish searching his cell?"
A4: "Yes, it wasn't finalized."

Q5: "Officer Urias at that point did Mr. White state to you that according to Title 15 3287(3) inmates should be permitted to observe the search is that correct?"
A5: "I didn't feel comfortable with you watching during the search, and as this was a routine (random) search and not a special search your presence was not required per the rule."

Q6: "Officer Urias at this point did you or did you not summons Officer Cortez to assist you is that correct?"
A6: "I did."

Q7: "Officer Urias did you and Officer Cortez state to Mr. White that he could not observe the search of his cell cause that was not a part of the Rules or Policy an told Mr. White to cuff up and was escorted to the holding cage outside the Program Office so you and Officer Cortez could finish searching Mr. White cell is that correct?"
A7: "Due to your propensity to become agitated and inciteful, and your history of disobeying orders, additional staff was requested to escort you from the building."

Q8: "Officer Urias did you or did you not take the proper evidence procedure for wireless communication devices?"
A8: The SHO determined the question was irrelevant as the procedure was documented in RVR.

Q9: "Officer Urias according to Policy and Procedure the wireless communication device(s) shall be photographed prior to removing the device(s) from the area. At least one picture "Natural" and one utilizing a measuring device shall be taken. Did you follow these procedures?"
A9: The SHO determined the question was irrelevant as the procedure was documented in RVR and WHITE was provided with a copy of the photographic evidence.

Q10: "Officer Urias when a wireless communication device(s) is discovered, either in the possession of an inmate or in a uncontrolled area, the employee discovering the wireless communication device(s) will personally turn over the wireless communication devices(s) to Investigative Services Unit (ISU) Staff. Officer Urias was these procedures followed?":
A10: The SHO determined the question was irrelevant as the evidence procedure was documented in RVR.

Q11: "Officer Urias how did you determine the alleged device is a cellular phone component?"
A11: "The reviewing official determined the device was a cellular telephone component.": UNQualified Would determination

Q12: "Officer Urias did you send the alleged cell phone device to ISU or a lab?":
A12: The SHO determined the question was irrelevant as the evidence procedure was documented in RVR.

Q13: "Officer Urias do you have a report from ISU or a lab?":
A13: The SHO determined the question was irrelevant as the evidence procedure was documented in RVR.

Q14: "Officer Urias in your RVR Report Number 6949965 you state inmate WHITE violated Rule Number 3006(c) is that correct?"
A14: "Yes."

Q15: "Officer Urias as of to date has this device or alleged telephone component you stated in your report violate any part of Title 15 3006(20) Contraband any cellular telephone component or wireless communication device accessory and/or component including, but not limited to a "Subscriber identity" module (SIM Card), memory storage device, cellular phone battery, wireless or wireless headset, an cellular phone charger?"
A15: "Yes, as indicated previously the reviewing official determined the device was a cellular

telephone component."
Q16: "Officer Urias does that component you stated you found in Mr. WHITE Cell 6159 "meet" any of the criteria's to be classified as a cellular phone component?":
A16: The SHO determined the question was irrelevant as it is asked and answered in Question 11 above and thus deemed redundant.
Q17: "Officer Urias are you or are you not aware that fabricating a RVR is considered a false report?"
A17: The SHO determined the question was irrelevant to the charge and as WHITE was alleging Staff Misconduct, he was advised of the Staff Complaint Process and that any complaints against Staff required that he fill-out a CDC Form 602 Inmate/Parolee Appeal.

WHITE had no further questions for Officer Urias.
The SHO had no questions for Officer Urias and he was excused from the hearing.

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| **CDC#** | **Name** | **Bed** | **Granted?** | |
| **Questions Asked** | | | | |

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: [ Not Guilty ]

○ Subject declined to make a statement
◉ Subject made a statement

**Comments:**
"I would like to have ISU test the charger to determine if it is a cell phone charger."

The SHO notes WHITE presented a written question to the SHO as follows:

"First an foremost this hearing is a violation of my due process right due to the fact that I requested a I.E. an none was provided as requested to assist me with contacting the necessary people to determine this alleged device to be a cell phone component."

As the SHO could not determine what WHITE was asking, the above was determined to be a statement.

Furthermore, based on the questions (Q) presented by WHITE to the Reporting Employee, coupled with the above-noted statement, the SHO asked the following question (Q) to WHITE:

Q1: "If the device discovered in your Cell 6159, which was solely occupied by you wasn't a cellular telephone component, what was it?
A1: WHITE declined to answer the question.

The SHO had no further questions.

## FINDINGS

Subject was found: [ Guilty as Charged ] based on a preponderance of evidence.

Lesser Included Charge:

Level:                                          Offense Division:

Offense Occurrence:

**Comments:**

Inmates may not possess or have under their control or constructive possession any cellular telephone or wireless communication device accessory and/or component including, but not limited to, a subscriber identity module (SIM card), memory storage device, cellular phone battery, wired or wireless headset, and cellular phone charger. Possession means it was found on the inmate's person, within the inmate's area of responsibility or evidence shows that defendant retained constructive possession. In the instant case, the SHO reviewed the RVR wherein the Reporting Employee documents WHITE's possession of a Cellular Telephone Component, as it was discovered in his area of responsibility (assigned cell), and as such, the SHO determined the finding of guilty for "Possession of a Cellular Telephone Component" is appropriate.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

The SHO has noted there was no Mental Health Assessment (CDCR 115-MH-A) submitted by Clinical Staff for consideration.

## EVIDENCE

The following evidence was used to support the findings:

**Comments:**

A. Rules Violation Report authored by Correctional Officer G. Urias, in which he documented, on December 24th, 2018, at approximately 1030 hours, Officer Urias was conducting a random cell search of cell 6159 solely assigned to WHITE (AI5074). During the search of his cell he discovered a black cellular telephone charging device component inside in an ointment box, in a clear bag, on the shelf above the desk inside WHITE's cell. Officer Urias secured the contraband inside his left pant pocket while he continued his search, which resulted in negative results for additional related contraband. Upon completion of the cell search, Officer Urias completed a cell search receipt documenting the aforementioned contraband, secured cell 6159 and transported the cellular telephone charging device component to the Facility C Program Office.

B. PHOTOGRAPHIC EVIDENCE:
Photo depicting the Cellular Telephone Component on an Evidence Placard with WHITE's name and CDCR Number.

C. Testimony by WHITE during the hearing. The SHO asked the following question (Q) to WHITE:

Q1: "If the device discovered in your Cell 6159, which was solely occupied by you wasn't a cellular telephone component, what was it?
A1: WHITE declined to answer the question.

The SHO determined that WHITE was afforded an opportunity to provide a reasonable explanation for possession of the electronic component and to its use and function. The SHO determined WHITE failed to provide an adequate response in his defense.

D. Testimony of the Reporting Employee, Correctional Officer G. Urias to the SHO at the time of the hearing, when Officer Urias was asked, "Officer Urias how did you determine the alleged device is a cellular phone component?" Officer Urias stated, "The reviewing official determined the device was a cellular telephone component." Officer Urias was asked, "Officer Urias in your RVR Report Number 6949965 you state inmate WHITE violated Rule Number 3006(c) is that correct?" Officer Urias stated, "Yes." Officer Urias was asked, "Officer Urias as of to date has this device or alleged telephone component you stated in your report violate any part of Title 15 3006(20) Contraband any cellular telephone component or wireless communication device accessory and/or component including, but not limited to a "Subscriber identity" module (SIM Card), memory storage device, cellular phone battery, wireless or wireless headset, an cellular phone charger?" Officer Urias stated, "Yes, as indicated previously the reviewing official determined the device was a cellular telephone component."

## DISPOSITION

EXHIBIT A-8
8 OF 11

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 02/02/2020 | 03/03/2020 |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |

EXHIBIT A-9
9 OF 11

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Trust Account Hold | | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | | |
| IEX Control Suit | | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☐ Impose Suspended Sanctions                         ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

Although WHITE is currently a participant in the MHSDS at the CCCMS level of care, there are no mental health factors to take into consideration.

**Comments:**

The SHO notes one (1) year Loss of Family (Overnight) Visiting Privileges per CCR 3315(f)(5)(Q) beginning February 2, 2020, through and including February 2, 2021, has been assessed and entered into SOMS.

Referred to Classification Committee  N/A

For ☐ SHU Term Assessment  ☐ Program Review  ☐ Un-Assignment  ☐ Substance Abuse Treatment

**Disposition Additional Information:**

---

## ENEMY CONCERNS

◉ Not Applicable
○ Subject states he/she does not have Enemy or Safety Concerns.
○ One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:
○ Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

---

## SECURITY THREAT GROUP

Security Threat Group Nexus?: No

**Security Threat Group Nexus Additional Information:**

---

## FINAL SECTION

**Additional Information:**

The confiscated evidence item(s) used in this case was retained in the program office evidence pending review by the CDO and outcome of the appeal process;

---

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

| Hearing Official | | |
|---|---|---|
| D. Scheiffele | TITLE:<br>Lieutenant | DATE:<br>02/20/2020 |

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                              Offense Division:

Offense Occurrence:                    CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 30 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 02/02/2020 | 03/03/2020 |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |